John J. Callahan, J.
Petitioner seeks an order prohibiting the respondent from collecting penalties for a violation of parking ordinances which allegedly exceed the applicable fine permitted under law. Specifically, petitioner attacks the respondent’s practice of doubling the fine and penalty after initial imposition thereof upon the failure of a violator to pay the fine and penalty within 10 days of the due date.
Petitioner contends that by virtue of the City of Buffalo *131 Code (ch LXI, § 1.11) as enacted by the Buffalo Common Council, the following language prohibits the procedure complained of:
"1.11 ADDITIONAL PENALTIES
"Provided further that all of the above penalties shall be doubled in the amount unless paid within ten (10) days of the issuance of the notice of violation (summons).”
Petitioner alleges that no Common Council authority exists thereunder for the imposition of additional delinquent penalties over and above the original fine and penalty.
Section 237 of the Vehicle and Traffic Law is the enabling legislation for the City of Buffalo to create the Parking Violations Bureau. It is provided in subdivisions 2 and 3 of section 237 as follows:
"2 To provide for penalties other than imprisonment for parking violations in accordance with a schedule of monetary fines and penalties, provided however, that monetary penalties shall not exceed fifty dollars for each parking violation;
1 "3 To adopt rules and regulations, not inconsistent with any applicable provision of law to carry out the purposes of * * * [article 2-B of the Vehicle and Traffic Law of the State of New York], including but not limited to rules and regulations prescribing the internal procedures and organization of the bureau, the manner and time of entering pleas, the conduct of hearings, and the amount and manner of payment of penalties”.
Respondents contend that since the fine and penalty doubling practice does not exceed the maximum provided by subdivision 2 of section 237 of the Vehicle and Traffic Law that the current practice is permissible.
Additionally, the respondent contends that the petition of petitioner was not verified by petitioner but by his attorney and that this renders the proceeding a nullity as being in violation of CPLR 7804 (subd [d]).
While the case of Weinraub v Gabel (245 NYS2d 138) serves as authority for the proposition that the petition herein is-technically defective because of its verification by petitioner’s attorney rather than petitioner, the court is cognizant that CPLR 2001 permits and encourages disregarding of omission, defect or irregularity if there is no prejudice to the other party. The court finds that the City of Buffalo has not claimed prejudice and will not be prejudiced by permitting the pro *132 ceedings to be determined on the affidavit of the petitioner’s attorney.
The officials of the City of Buffalo Parking Violations Bureau have in good faith attempted to enforce the ordinance in a manner which is fair, just and reasonable. Their interpretation and construction in the enforcement of the ordinance is within the statutory limitation. Unless their judgment is manifestly wrong, this court must abide by their administrative determination. (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 114, 129.)
The construction which respondents claim is correct does not stretch the meaning of the provision for "Additional Penalties” beyond its intent. While no explicit provision is made by the Common Council for the imposition of second and third tier penalties herein upon the violators failing to pay, there is understandably great latitude conferred by section 1.11.
It is a general rule in the interpretation of statutes that they shall receive a reasonable construction where there is doubt or uncertainty in regard to legislative intent. And if the language admits of a possibility of two constructions, the more reasonable of the two should be adopted. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 143.) And what is fairer and more reasonable than providing an incentive system to encourage violators to timely pay their fines? (McKinney’s Cons Laws of NY, Book 1, Statutes, § 95.) Employing petitioner’s theory would encourage increasing the initial fine. This would create a hardship situation for all violators. Those who timely comply with the ordinance obtain the benefit of the lower assessment.
Reviewing the aforesaid statutes and ordinances, the court concludes that broad authority was conferred by the Common Council of the City of Buffalo in section 1.11 of chapter LXI, permitting the Parking Violations Bureau to impose additional penalties beyond the imposition of a single fine and penalty. (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 96, 97.)
The City of Buffalo, New York Parking Violations Bureau is not found to be collecting fines and penalties in excess of the authority conferred by section 237 of the Vehicle and Traffic Law and section 1.11 of chapter LXI.