RANDALL BORCHARDT, Respondent, v NEW YORK LIFE INSURANCE COMPANY, Appellant.

First Department, July 3, 1984

APPEARANCES OF COUNSEL

*P. Michael Madden* of counsel (*Robert A. Kirtland,* attorney), for appellant.

*Steve Kieselstein* of counsel (*Donald J. Cayea* with him on the brief; *Donald J. Cayea, P. C.,* attorney), for respondent.

OPINION OF THE COURT

ALEXANDER, J.

On October 30, 1980, the defendant New York Life Insurance Company (New York Life) issued an insurance policy in the face amount of $25,000 insuring the life of Eugene DeRubini under which the plaintiff Randall Borchardt, a business partner of DeRubini, was named beneficiary. DeRubini died less than two months later, on December 10, 1980, as a result of a massive heart attack, complicated by a history of hypertension and diabetes. Borchardt's claim for payment of the benefits under the

policy was rejected by New York Life and the policy rescinded on June 24, 1981, because of alleged material misrepresentations by DeRubini in his application for insurance. This lawsuit ensued.

Following service of an amended complaint[*] which set forth a single cause of action alleging New York Life's failure to pay the benefits due under the policy, the defendant again moved, pursuant to CPLR 3211 (subd [a], par 7) to dismiss the complaint for failure to state a cause of action and for summary judgment pursuant to CPLR 3211 (subd [c]) and CPLR 3212. Special Term denied the motion finding, generally, that the defendant failed to demonstrate through the submission of admissible evidence, that there were no triable issues of fact and more specifically that the defendant's submissions failed to conclusively demonstrate that misrepresentations were made by the decedent and that the misrepresentations were "material". We disagree. Therefore we reverse and grant the motion for summary judgment.

Special Term correctly observed that the rule in respect to summary judgment is that "to obtain summary judgment it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form." (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067.) Applying this rule, Special Term determined that the defendant had failed to meet its burden since the hospital record which set forth information concerning the decedent's prior medical history was not certified (CPLR 2306) nor was an appropriate foundation laid to show that the history of diabetes reflected therein was necessary to treatment at the hospital. Moreover, held Special Term, the statement of the physician who attended the decedent at the hospital, which set forth additional facts concerning the medical history of the decedent, was not in affidavit form. Finally, Special Term

---

[*] It appears that defendant's motion to dismiss the second and third causes of action of the initial complaint was granted with leave to the plaintiff to serve an amended complaint. The prior complaint and motion papers are not included in the record of appeal.

found defendant's submissions insufficient to conclusively demonstrate that the misrepresentations allegedly made were "material".

We note, at the outset, that Special Term failed to appropriately apply the obverse of the rule in respect to the motion for summary judgment which requires that in order "to defeat a motion for summary judgment the opposing party must 'show facts sufficient to require a trial of any issue of fact' (CPLR 3212, subd [b]). Normally, if the opponent is to succeed in defeating a summary judgment motion he, too, must make his showing by producing evidentiary proof in admissible form." (*Friends of Animals v Associated Fur Mfrs., supra,* p 1067.)

Here, defendant purported to rescind the policy of insurance issued on DeRubini's life because of misrepresentations he allegedly made in the application. That application is attached to the policy and comprised part of the documentary evidence submitted by the defendant on this motion. Significantly, plaintiff does not deny or in any way controvert the assertions that DeRubini lied when in that application, he denied that he had a personal physician, denied that during the past 10 years that he had consulted a physician or practitioner for or been treated for or had elevated blood pressure or diabetes or that within the past 5 years he had had any illness or consulted any physician or practitioner for any reason including routine check-up examinations.

Nor does plaintiff object to the admissibility of the hospital record or history of diabetes which is a part of that record. No question is raised as to the authenticity of the record, which concededly could have been certified pursuant to CPLR 2306 and thus would have been admissible at trial. The lack of certification, in the circumstances, is at most a technical irregularity which may be disregarded (CPLR 2001; see, also, *Matter of Ferro v Lavine,* 46 AD2d 313, 318; *Matter of Baker v Buffalo Parking Violations Bur.,* 87 Misc 2d 130). Nor did plaintiff raise any objection to the history portion of that record which reveals that the decedent had diabetes mellitus dating from 1976 and required 70 units of insulin daily. Special Term recognized that no serious question existed as to whether "a diabetes

history is an admissible portion of the (hospital record) history", only that the "foundation is not laid in these papers." The lack of a foundation does not render that evidence inadmissible where no objection on that ground is raised in respect to its admissibility by the plaintiff. (See Richardson, Evidence [10th ed], § 537.)

Moreover, the documents relied on by New York Life were all assembled pursuant to authorizations duly executed by the decedent's widow, during its investigation into the circumstances of DeRubini's death. It is asserted by New York Life, without contradiction or challenge that these documents were procured in the ordinary course of business of New York Life's Claims Department in the investigation of a death claim during the contestible period and that it is "the ordinary course of business that such documents to [*sic*] be procured and kept by the New York Life Insurance Company and the Claims Department." That being the case, these documents were admissible as business records of the defendant pursuant to CPLR 4518. Thus, Special Term erred in holding that New York Life had failed to establish DeRubini's misrepresentation regarding his diabetes and hypertensive condition by admissible evidence.

Nor is any genuine issue raised as to the "materiality" of these misrepresentations. The record conclusively establishes that DeRubini failed to disclose that he was hypertensive and an insulin dependent diabetic; that he had a private physician and that he had been treated for those maladies within the five years next preceding his application for life insurance. "Failure to disclose is as much a misrepresentation as a false affirmative statement." (*Geer v Union Mut. Life Ins. Co.*, 273 NY 261; *Vander Veer v Continental Cas. Co.*, 34 NY2d 50, 52.) "Ordinarily, the question of [the] materiality of the misrepresentation is a question of fact for the jury. However, where the evidence concerning the materiality is clear and substantially uncontradicted, the matter is one of law for the court to determine. The test is whether failure to furnish a true answer defeats or seriously interferes with the exercise of the insurance company's right to accept or reject the application. The major question is whether the company has

been induced to accept an application which it might otherwise have refused" (*Process Plants Corp. v Beneficial Nat. Life Ins. Co.,* 53 AD2d 214, 216-217, affd 42 NY2d 928).

Here, the uncontroverted evidence tendered by New York Life, through the affidavits of vice-presidents of its Life Underwriting Department and its Medical Underwriting Department, demonstrates that had it known of DeRubini's history of hypertension and diabetes mellitus it would not have issued the policy that was in fact issued and that no applicant with these conditions would have been issued a policy under any circumstances. These assertions are supported by New York Life's underwriting rules which call specific attention to concerns generated by and special procedures required to be followed in evaluating a diabetic applicant, including determining the adequacy of controls and the presence or absence of complications and pointing out the need for consultation with the current attending physician. Obviously, hypertension "even if mild and intermittent * * * is a condition of substantial medical concern because of its obvious relation as a suspect symptom or as a cause of future complicating degenerative cardiac and circulatory diseases" (*Process Plants Corp. v Beneficial Nat. Life Ins. Co., supra,* p 217). It may also be said that DeRubini's history of diabetes since 1976 and his need for 70 units of insulin per day "was not a temporary condition or a matter so trivial that it might not have affected the disposition of the application." (*Vander Veer v Continental Cas. Co., supra,* p 53.) Thus, it is clear that these misrepresentations were material as a matter of law, and were adequately established by this record.

Accordingly, the order of Special Term, New York County (Stanley Sklar, J.), entered March 10, 1983, which denied the motion by New York Life Insurance pursuant to CPLR 3212 for summary judgment should be reversed, on the law, without costs, the motion granted and summary judgment directed to be entered dismissing the complaint.

Murphy, P. J., Ross, Milonas and Kassal, JJ., concur.

Order, Supreme Court, New York County, entered on March 10, 1983, unanimously reversed, on the law, with-

out costs and without disbursements, the motion granted and summary judgment directed to be entered dismissing the complaint.