■ WILLIAM SHIRBACK, Respondent, v LINDA SHIRBACK, Respondent, and LOUIS B. SCOZZAFAVA, as Commissioner of the Niagara County Department of Social Services, Appellant.— Order, insofar as appealed from, unanimously reversed, on the law and facts, without costs, and application denied. Memorandum: Family Court forgave the arrears in alimony and child support because of the delay of the Department of Social Services in ascertaining petitioner's whereabouts in Canada and in taking action to enforce the alimony and support provisions of the divorce decree. This was error.

Under the 1980 amendment to Domestic Relations Law § 236 (A); §§ 240, 244 (L 1980, ch 645, §§ 2, 4, 5), the court no longer has broad discretion in determining whether to cancel or reduce the amount of arrears accrued under the support provisions of a judgment in a matrimonial action (see, Malta v Malta, 87 AD2d 988; Sheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, 1977-1984 Supp Pamph, Domestic Relations Law C236A:11, p 160). Under the amendment, no modification may be made reducing or annulling arrears accrued "unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears." (Domestic Relations Law § 244.) The delay of the Department of Social Services in taking action to collect the arrears does not provide the petitioner with good cause why he did not move for a reduction or an annulment before the arrears accrued. As noted by Professor Scheinkman in his Practice Commentary (op. cit.), the amendment "puts the onus upon the defaulter." If "the arrears mount up before one party does make an application, the burden should remain upon the defaulting spouse to explain the lack of promptness, notwithstanding the other spouse's lack of haste in making an enforcement application." (Id.)

We have reviewed the record and we find that the petitioner lacked good cause for his failure to move to modify or annul the support provisions of the divorce decree before the arrears accrued. Contrary to the testimony of petitioner, we find that there was no agreement excusing petitioner from making the payments. (Appeal from order of Niagara County Family Court, Halpin, J.—modification of support.) Present—Dillon, P. J., Doerr, Boomer, Green and O'Donnell, JJ.