In the Matter of CORRINE Cox, Appellant, v DONALD Cox, Respondent.

Third Department, July 9, 1992

202

APPEARANCES OF COUNSEL .

*Walter, Thayer & Mishler, P. C. (Anita Thayer* of counsel), for appellant.

*Edward Obertubbesing* for respondent.

**OPINION OF THE COURT**

LEVINE, J.

Petitioner and respondent were married in 1974 and have two children. In May 1979, the parties were divorced pursuant to a judgment which, *inter alia,* awarded petitioner custody of both children and ordered respondent to pay petitioner child support in the amount of $25 per child per week and alimony in the amount of $50 per week. The judgment also provided that the foregoing sums were to represent respondent's total alimony and support obligations except for "extraordinary medical and dental expenses". Respondent subsequently re-married and has one child from that marriage.

In June 1990, a petition for enforcement of the alimony and child support provisions of the divorce judgment was brought by petitioner. That petition alleged that respondent had ceased making alimony payments in February 1981, that his payment of child support had been sporadic and incomplete and that he had refused to contribute toward the children's extraordinary medical and dental expenses. Prior to the hearing on the enforcement petition, Family Court temporarily ordered that respondent pay petitioner $50 per week in alimony and $25 per week in child support for the parties' youngest child. Petitioner then filed a second petition seeking modification of Family Court's temporary order to include a weekly child support payment for the parties' older child and

an upward modification of respondent's total weekly child support obligation based on changed circumstances.

Following a hearing, the Hearing Examiner terminated respondent's alimony obligation and modified his child support obligation, through application of the Child Support Standards Act (hereinafter CSSA) (Family Ct Act § 413), to $27 per child per week and 39% of the children's uncovered health-related expenses. The Hearing Examiner also directed the vacatur of respondent's alimony arrears and concluded that petitioner had failed to substantiate her claim for child support arrears. Petitioner thereafter filed various objections with Family Court. Those objections were denied and this appeal ensued.

■ Initially, we reject petitioner's contention that Family Court erred in canceling respondent's alimony arrears. Under Domestic Relations Law § 244, the court has the power to reduce or cancel a defaulting party's arrears provided that "the defaulting party shows good cause for failure to make application for relief from the judgment" *(see, Egol v Egol,* 68 NY2d 893, 896). Here, the Hearing Examiner made findings, undisturbed by Family Court, that (1) respondent's failure to make his weekly alimony payments was based on his belief that he and petitioner had reached an accord, whereby he would provide babysitting services in lieu of the weekly $50 alimony payment, and (2) petitioner's claim for alimony arrears was barred by laches. While petitioner's nine-year delay in seeking enforcement is not alone a sufficient basis for annulling respondent's alimony arrears *(see, Shirback v Shirback,* 115 AD2d 992; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 244, at 753), the finding that respondent stopped making alimony payments because of his belief that he and petitioner had reached an accord, reinforced by the delay in seeking enforcement, is supported by the record and, in our view, was adequate to establish good cause for respondent's failure to make an application for downward modification.

■ With regard to respondent's child support arrears, petitioner correctly argues that Family Court was required to enter a money judgment in the amount of such arrears, notwithstanding a showing of good cause for nonpayment *(see,* Domestic Relations Law § 244; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 244, at 751-752). At the hearing, however, petitioner was unable to testify as to the amount owed by respondent or to provide any other proof thereof. Petitioner also

failed to substantiate her claim for nearly $6,000 in medical expenses, for which she alleged respondent was responsible under the divorce judgment. Based on the foregoing, Family Court correctly concluded that petitioner was not entitled to child support arrears or reimbursement for medical expenses.

■ We agree, however, with petitioner that Family Court erred in terminating respondent's future alimony obligation in the absence of an application by either party for modification of the alimony award contained in the judgment of divorce. Domestic Relations Law § 236 (A) (1), applicable to actions commenced prior to July 19, 1980, provides that a court may annul or modify an alimony award "[u]pon the application of either spouse [and] upon * * * notice to the other party". Here, respondent made no application for a downward modification or a termination of his alimony obligation, nor did petitioner seek in any way to modify the alimony award. Thus, petitioner had no adequate notice that the relief granted by Family Court was a possibility *(cf., Matter of Hermans v Hermans,* 74 NY2d 876, 878).

■ We likewise agree with petitioner that Family Court applied the CSSA improperly in modifying the child support award.* Specifically, in arriving at the percentage to be utilized in calculating respondent's child support obligation *(see,* Family Ct Act § 413 [1] [b] [3]; [c] [2]), the court incorrectly included respondent's child from his second marriage, thus determining the applicable child support percentage to be 29% (for three children) rather than 25% (for two children) *(see,* Family Ct Act § 413 [1] [b] [3] [ii], [iii]). Because "[t]he percentages in the CSSA are based upon the proportion of income required to support a child, or children, *in a household",* it would be inappropriate to use a percentage which is based on a total number of children living in different house-

---

* [5] Petitioner argues in her brief that it was error for Family Court to modify the original child support award in the context of an enforcement proceeding in the absence of application for modification by either party. However, it appears from the second petition filed by petitioner in July 1990 that, in addition to requesting a modification of Family Court's temporary order to include support for the parties' other child, she was also seeking an upward modification of respondent's original child support obligation. Moreover, the Hearing Examiner treated the July 1990 petition as a support modification petition and petitioner raised no objection with respect thereto before Family Court. Accordingly, petitioner has failed to preserve the alleged error for our review *(see, Matter of Commissioner of Social Servs. [Wandel] v Segarra,* 78 NY2d 220, 222, n 1; *Matter of Menaldino [Aletha TT.] v Mark UU.,* 141 AD2d 265, 267).

holds *(Matter of Commissioner of Social Servs. of City of N. Y. [Patricia H.] v Raymond S.,* 180 AD2d 510, 514 [emphasis in original]). According to the CSSA, the needs of respondent's third child may only be taken into consideration if it is determined by the court, after calculation of the basic child support obligation, that respondent's pro rata share of the basic child support obligation is unjust or inappropriate *(see,* Family Ct Act § 413 [1] [f] [8]; *Matter of Steuben County Dept. of Social Servs. [Padgett] v James,* 171 AD2d 1023). No such determination was made here. Furthermore, it appears that Family Court utilized only respondent's income in calculating the basic child support obligation, rather than determining the parties' combined parental income as required by the statute *(see,* Family Ct Act § 413 [1] [b] [4]). Accordingly, the matter should be remitted to Family Court for a recalculation of respondent's child support obligation.

█ As a final matter, we note that Family Court gave respondent a credit of $450 toward his alimony arrears. The amount apparently represented sums paid by respondent to petitioner for support of one of their two children during a period when that child was living with respondent. Because respondent's alimony arrears were properly annulled, we find no basis for that credit.

WEISS, P. J., MERCURE, MAHONEY and CASEY, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as vacated respondent's alimony obligation, computed respondent's future child support obligation and directed that respondent is entitled to a $450 credit; matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.