■ In the Matter of VICTORIA T. KIENAST, Appellant, v OWEN TABACK, Respondent. [610 NYS2d 97] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Family Court of Orange County (Bivona, J.), entered August 23, 1991, which denied petitioner's application to modify a judgment of divorce.

In the stipulation of settlement agreement which was incorporated but not merged in the divorce decree of these parties, petitioner specifically agreed to drive the children to respondent's residence for visitation at the appointed time and to pick up the children at respondent's residence at the end of the visitation period. The agreement further provides that respondent shall pay to petitioner the sum of $10 per month "as and for remuneration of her travelling expenses from her residence to the residence of [respondent]". This part of the agreement was prompted by petitioner's intention to relocate from Nassau County, where the parties had resided and where the divorce action was pending, to Dutchess County. In exchange for petitioner's concession, respondent agreed not to seek custody of the two children who are the issue of the marriage. After moving from Dutchess County to Orange County, petitioner brought the instant proceeding, seeking a modification of the judgment of divorce insofar as it placed the burden of transportation of the children from Orange County to Nassau County on petitioner. Family Court ordered petitioner to comply with the terms of the judgment of divorce and the provision of the stipulation, except that the Sunday visitation time was modified to end at 7:00 P.M. instead of 9:00 P.M. as being in the best interest of the children. Family Court also found that respondent should not have withheld child support absent a court order, even though the stipulation and judgment clearly provide otherwise. Respondent was directed to pay the arrears and include in the support payments $2.50 per week travel allowance as provided in the stipulation.

Based upon Family Court's conclusion that a change in the method of transportation agreed upon by the parties in the stipulation is not required by the best interests of the children, petitioner contends that the issue should be resolved as though it were purely a contractual matter. According to

petitioner, her obligation to transport the children pursuant to the stipulation is conditioned upon respondent's payment of the $10 per month travel expense specified in the stipulation. Petitioner contends that by failing to make the required monthly payment, respondent waived his right to "home delivery" of the children for visitation. The stipulation, however, provides that a modification or waiver of its terms can be accomplished only in a writing executed with the same formality as the stipulation. Family Court correctly directed both parties to comply with the obligations imposed upon them by their agreement.

Cardona, P. J., Mercure, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.