■ ELLEN LABOMBARDI, Respondent, v VINCENT LABOMBARDI, Appellant. [669 NYS2d 356] —In a matrimonial action in which the parties were divorced by a judgment entered July 13, 1994, the defendant former husband appeals from (1) so much of an order of the Supreme Court, Suffolk County (Floyd, J.), entered January 15, 1997, as (a) denied his motion to amend the judgment of divorce by awarding him custody of the parties' child, and (b) granted the plaintiff former wife's cross motion for an award in the principal sum of $7,556.24 for the minor child's unreimbursed medical, dental, and prescription expenses, and (2) a judgment of the same court, entered February 20, 1997, in favor of the plaintiff former wife and against him in the principal sum of $7,556.24, for the minor child's unreimbursed medical, dental, and prescription expenses.

Ordered that the appeal from so much of the order as granted the plaintiff former wife's cross motion is dismissed, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, without costs or disbursements, so much of the order as granted the plaintiff former wife's cross motion is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination as to all issues.

The appeal from so much of the order as granted the plaintiff former wife's cross motion must be dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for

review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The court erred in denying the defendant's motion without conducting a hearing. Subsequent to the entry of the divorce judgment the plaintiff was diagnosed with a serious form of bone marrow cancer. While the plaintiff's affliction with cancer would not in itself demonstrate a change of circumstances that would justify a custody change (*see,* Domestic Relations Law § 240 [1]; *cf., Rosenblitt v Rosenblitt,* 107 AD2d 292; *Matter of Steven L. v Dawn J.,* 148 Misc 2d 779), when considered with her numerous other ailments, and the defendant's allegations that these afflictions are negatively impacting on her parenting abilities, the defendant sufficiently demonstrated evidence of a change of circumstances to warrant a hearing (*see, Friederwitzer v Friederwitzer,* 55 NY2d 89; *Matter of Pellicciotti v Pellicciotti,* 206 AD2d 616; *Matter of Greenblatt v Van Deusen,* 87 AD2d 713; Sobie, New York Family Court Practice § 10.16). Moreover, the defendant also alleged facts demonstrating an improvement in his own personal life. Accordingly, the matter is remitted for a hearing on this issue. In determining the best interests of the child, the court is directed to appoint a Law Guardian and to hold an in-camera interview with the child.

With regard to the plaintiff's application to compel the defendant to pay his pro rata share of the child's unreimbursed medical, dental, and prescription expenses, it was incumbent upon her to substantiate her claims by adducing sufficient documentary evidence of the expenses incurred and paid (*see,* Domestic Relations Law § 244; *Matter of Cox v Cox,* 181 AD2d 201; *Borchardt v New York Life Ins. Co.,* 102 AD2d 465, *affd* 63 NY2d 1000). In the absence of such evidence, the court erred in granting the cross motion. Thompson, J. P., Joy, Florio and Luciano, JJ., concur.