■ In the Matter of GARY ROSENBERG, Respondent, v BETTE ROSENBERG, Appellant. [690 NYS2d 693] —In a proceeding pursuant to Family Court Act article 6, the appeal is, by permission, from (1) an order of the Family Court, Nassau County (Pessala, J.), dated June 15, 1998, which, upon the granting of the husband's motion to relieve Alfred Reinharz, Esq., as Law Guardian for the parties' children, vacated a prior order of the same court, dated February 3, 1998, appointing Alfred Reinharz, Esq., as the Law Guardian for the parties' three children,

directed that he continue to represent the oldest child, and appointed two new Law Guardians for the parties' two other children, (2) a decision of the same court, dated August 10, 1998, and (3) an order of the same court, dated September 2, 1998, which granted the motion of the husband for temporary custody of the parties' children.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.*, 100 AD2d 509); and it is further,

Ordered that the order dated June 15, 1998, is reversed, as a matter of discretion, and the husband's motion is denied; and it is further,

Ordered that the order dated September 2, 1998, is reversed, on the law, and the husband's motion for temporary custody of the parties' children is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

The court improvidently exercised its discretion by directing Alfred Reinharz, Esq., the Law Guardian who had represented all three children, to represent one child and appointing two new Law Guardians to represent the parties' two other children. There is no evidence in the record that Mr. Reinharz either had a conflict of interest or had failed to diligently represent the best interests of the children (*Matter of Zirkind v Zirkind*, 218 AD2d 745).

In seeking a change of custody, the initial burden is on the petitioner to show sufficient evidence of a change of circumstances warranting a hearing (*Matter of Miller v Lee*, 225 AD2d 778). Consequently, the failure to adduce any evidence justifying a hearing will result in dismissal of the petition (*Matter of Ann C. v Debra S.*, 221 AD2d 338). The court erred in failing to dismiss the father's petition to change custody and instead granting the father temporary custody since he did not allege a sufficient change of circumstances to even warrant a hearing on the issue (*see, Matter of Ann C. v Debra S., supra; cf., LaBombardi v LaBombardi*, 247 AD2d 590). Mangano, P. J., Friedmann, McGinity and Feuerstein, JJ., concur.