■ In the Matter of CHILD WELFARE ADMINISTRATION, on Behalf of TAYLOR G. and Another, Children Alleged to be Abused and Neglected. LOUIS G., SR., Respondent; LEGAL AID SOCIETY OF THE CITY OF NEW YORK, Nonparty-Appellant. [703 NYS2d 523] —In a proceeding pursuant to Family Court Act article 10, the Legal Aid Society of the City of New York ap-

peals from an order of the Family Court, Kings County (Elkins, J.), dated September 1, 1999, which, *sua sponte*, relieved it as the Law Guardian of Taylor G., one of the subject children in the instant proceeding.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, and the Legal Aid Society of New York is reinstated as the Law Guardian for Taylor G.

In November 1998, the instant petition was filed in Family Court, Kings County, alleging that the respondent Louis G., Sr., had abused his children, Louis G., Jr., and Taylor G. The Legal Aid Society of the City of New York (hereinafter Legal Aid) was appointed as Law Guardian for both children, and represented both children through the completion of the fact-finding hearing. However, after completion of the fact-finding hearing, but before the fact-finding determination was issued, the Family Court, *sua sponte*, relieved Legal Aid from its representation of one of the two children, Taylor G. The Family Court indicated its belief that there would be a conflict of interest if Legal Aid continued as Law Guardian for both children.

The Family Court has the authority to remove a Law Guardian from an assignment (*see,* Family Ct Act § 1016). However, under the circumstances here, the Family Court improvidently exercised its discretion in removing Legal Aid from further representing Taylor G. The record contains no evidence of a conflict of interest, or that Legal Aid had failed to diligently represent the best interests of the children (*see, Matter of Rosenberg v Rosenberg,* 261 AD2d 623, 624; *Matter of Petkovsek v Snyder,* 251 AD2d 1087; *Matter of Zirkind v Zirkind,* 218 AD2d 745, 746). To the contrary, the record establishes that Legal Aid zealously and effectively represented the best interests of both children throughout the proceeding. Joy, J. P., S. Miller, Friedmann and Florio, JJ., concur.