OPINION OF THE COURT
John P. Lane, J.
The parties were divorced by judgment granted August 25, 1998. In pertinent part, the judgment of divorce provides that the former marital home be sold and the net proceeds be divided equally between the parties. Defendant was awarded custody of the two infant children of the marriage. She and the children were to remain in the home, and the parties were to *251 share mortgage and other expenses associated with the home until it was sold. Plaintiff was directed to pay $50 per week as spousal maintenance for 18 months and $268.39 biweekly as child support. Plaintiff was ordered to immediately pay a past due award of $750 counsel fees to defendant’s attorney.[1]
An interim order made in 1994 directed plaintiff to pay defendant $65 per week as support for their two children. When plaintiff fell behind in these payments, an income execution was issued that required deduction of $130 from plaintiff’s biweekly wages for payment to defendant through the Erie County Support Collection Unit. Plaintiff made no effort to pay defendant the $138.39 in additional biweekly child support called for by the judgment. In defense of this default, he contends that defendant failed to pay her share of the mortgage on the marital residence and he made the full payment each month to avoid foreclosure. Using plaintiff’s figures, he overpaid what he owed by $151.48 each month.[2]
According to defendant, plaintiff never paid spousal maintenance as directed. He stopped making payments on the mortgage in November 1999 and a foreclosure proceeding was later commenced. Plaintiff did not increase his child support payments after he stopped paying the mortgage. Although the custody and child support provisions in the judgment had not been modified, the parties’ older child, Robert Paladino II, moved in with plaintiff in February 2000 and enlisted in the Army the following August.
The judgment provides that the parties share reasonable and necessary uninsured health-related expenses of the children. Plaintiff contends that defendant failed to pay her share of these expenses and he was compelled to pay more than his share. Defendant disputes this claim. Plaintiff presumably would be entitled to a credit for any excess amount that he paid against the $3,900 he owes defendant for unpaid maintenance. However, she is not seeking enforcement of his maintenance obligation at this time.
*252 Each party blames the other for their failure to sell the home. As it was lost through foreclosure, the issue is now moot. Plaintiffs obligation to pay the judgment for attorney’s fees and disbursements previously awarded is not affected by the loss of the home through foreclosure.[3]
Plaintiffs attorney argues that the parties entered into an oral modification of the financial provisions contained in the judgment and a hearing should be held. Plaintiff makes no such claim in his affidavit; however, he infers that defendant acquiesced in his practice of paying her share of the mortgage with child support funds. As the parties’ submissions raise no factual issues with respect to the amount of child support arrears due through August 2000, no hearing is required (see, Burroughs v Burroughs, 262 AD2d 993).
“Under the current scheme for enforcing court-ordered child support obligations, courts may not reduce or cancel any arrears that have accrued” (Matter of Dox v Tynon, 90 NY2d 166, 168; see, Domestic Relations Law § 236 [B] [9] [b]; § 244). Defendant’s delay in seeking to enforce plaintiffs obligation does not change the rule (see, Matter of Dox v Tynon, supra, at 174-175; see also, Shirback v Shirback, 115 AD2d 992). There is no assertion by plaintiff that his former wife expressly waived her entitlement to child support payments (cf., O’Connor v Curcio, 281 AD2d 100 [2d Dept 2001]). Thus, plaintiffs claim that he used child support funds to pay defendant’s share of the monthly mortgage payment is irrelevant. Furthermore, as he never made any support payments directed in the judgment, it is no surprise that defendant was unable to pay her share of the mortgage.
Plaintiff is not entitled to a reduction in child support arrears as he made no application for modification at the time his son began residing with him (see, Matter of Dox v Tynon, 90 NY2d 166, supra; Galotti v Galotti, 251 AD2d 285; Shirback v Shirback, 115 AD2d 992, supra). Defendant is entitled to recover child support arrears from the date the judgment was granted through August 2000 amounting to $7,196.28. As plaintiffs failure to pay was willful, judgment may enter now against him for that amount with interest, costs and disbursements (see, Domestic Relations Law § 244).
*253 Robert Paladino II was emancipated from his parents by joining the Army. The Army, in effect, became a substitute parent for Robert II, thereby absolving both of his parents from any further obligation to support him. This event called for an adjustment in plaintiff’s child support obligation. In the absence of any application for modification by plaintiff then or express waiver by defendant, strict application of the Dox rule would foreclose cancellation of child support arrears. However, the Court cannot ignore the economic significance of Robert II’s entry into military service, following which his needs have been provided by the United States Army and he became self-supporting. In the circumstances of this case, I hold that no child support arrears have accrued with respect to Robert II since he entered military service. Accordingly, plaintiff is entitled to a retroactive adjustment of his child support obligation before defendant recovers judgment for those arrears that have accrued since August 2000.
Plaintiff has failed to submit a statement of net worth and has not otherwise provided information concerning his earnings since the divorce. Defendant has not provided detailed information necessary to support her request for a further award of attorney’s fees and other litigation expenses. The necessary papers shall be submitted by June 11, 2001. The matter is returned to the Special Term Calendar for June 18, 2001 for determination of all outstanding issues raised by defendant’s motion. In the meantime, plaintiff’s attorneys shall pay to defendant’s attorney the funds being held in escrow in partial satisfaction of the previously made order and judgment for attorneys’ fees.

. The judgment permitted defendant to apply for disbursements and further counsel fees upon a quantum meruit application. In December 1998, Justice Jacqueline M. Koshian directed entry of judgment against plaintiff for $5,000 as a contribution toward defendant’s litigation expenses.

. According to plaintiff, the full mortgage payment was $902.64 per month; defendant’s share was $451.32 or $5,415.84 each year. He underpaid child support by $3,598.14 annually. By making the mortgage payments, he preserved the house for the benefit of defendant and their children and overpaid what he owed by $1,817.70.

. Justice Koshian made an order directing plaintiff to pay defendant and William R. Hites, her attorney, $5,000 for counsel fees and disbursements. Judgment was entered on that award on February 9, 1999.