■ Julie Karen Nacos, Appellant, v John Christopher Nacos, Respondent. [947 NYS2d 89]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered February 10, 2011, which, to the extent appealed from, granted plaintiff's motion for pendente lite relief to the extent of awarding her $40,000 per month in unallocated interim non-taxable maintenance and support, inclusive of monthly rent, and $50,000 in interim counsel fees, and directing defendant to pay retroactive temporary support of $120,000 at the rate of $3,500 per month, and denied so much of plaintiff's motion as sought $8,750 in unreimbursed school tuition deposits for the parties' children, and granted defendant's cross motion to the extent of directing plaintiff to provide an accounting of all the monies paid to her since June 1, 2009, unanimously modified, on the law, to increase defendant's monthly payment of retroactive support from $3,500 to $10,000, and to deny defendant's cross motion for an accounting, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about June 20, 2011, which granted plaintiff's motion for renewal and reargument only to the extent of increasing the award of interim counsel fees from $50,000 to $100,000, unanimously affirmed, without costs.

In determining the award of temporary maintenance and support to plaintiff in the amount of $40,000, inclusive of monthly rent, the court considered the appropriate factors, including plaintiff's and the four children's needs, defendant's ability to pay and history of paying all marital and household expenses, and the parties' pre-separation standard of living (see Konecky v Kronfeld, 2 AD3d 371 [2003]; Aron v Aron, 216 AD2d 98 [1995]; Barasch v Barasch, 166 AD2d 399 [1990]).

Given the large discrepancy in the parties' respective incomes, the nature of the issues in dispute, and plaintiff's lack of sufficient funds of her own with which to compensate counsel, the court properly increased the award of interim counsel fees from $50,000 to $100,000 (see Domestic Relations Law § 237; Charpié v Charpié, 271 AD2d 169 [2000]; see also Dodson v Dodson, 46

AD3d 305 [2007]). An additional increase is not warranted at this time.

In light of defendant's substantial income, ability to pay, significant financial assets, and relatively minimal liabilities, we find that he should pay the $120,000 in retroactive maintenance and support at a rate of $10,000, rather than $3,500, per month.

Plaintiff submitted no evidence of her purported payment of the children's school tuition deposits and thus failed to establish her entitlement to reimbursement thereof (*see e.g. Desautels v Desautels*, 80 AD3d 926 [2011]).

Disclosure "by both parties of their respective financial states" is compulsory in a matrimonial action in which maintenance and support are at issue (Domestic Relations Law § 236 [B] [4] [a]). Thus, defendant can obtain information material to the issues in dispute through disclosure devices. He failed to set forth a factual basis for his request of a broad accounting of plaintiff's use of all monies paid to her for maintenance and child support (*see e.g. Rosenblatt v Birnbaum*, 16 NY2d 212 [1965]). Concur—Sweeny, J.P., Catterson, Acosta, Freedman and Román, JJ.