Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered February 24, 2011, which, in this matrimonial action, denied appellant wife’s motion to hold the husband in contempt and to find him in default on his various support obligations, and ordered the portion of the wife’s motion regarding support obligations for the period subsequent to January 1, 2007 held in abeyance until the conclusion of the plenary action, unanimously reversed, on the law, without costs, and the matter remanded for findings as to the payments made by the husband between December 1, 2002 and January 1, 2007, and for a contempt hearing to enforce any payments that remain outstanding. Order, same court and Justice, entered June 5, *483 2012, which dismissed appellant’s complaint in a plenary action seeking to declare the parties’ June 16, 2004 agreement to be enforceable as a marital agreement or as a standard contract, unanimously affirmed, without costs.
In determining the contempt and enforcement motions, Supreme Court erred in relying on a special referee’s report which calculated the husband’s total payments to the wife between May 12, 2004 and 2010. This was error because the contempt/enforcement motions were based on the time period between December 1, 2002 and January 1, 2007. Accordingly, findings must be made as to the total payments made between those dates, and we remand for that purpose and for a new contempt hearing.
Supreme Court properly dismissed the complaint in the plenary action. As held in this Court’s prior order (40 AD3d 201 [1st Dept 2007]), the 2004 agreement was invalid because it was never judicially authorized, and thus could not modify the divorce decree. Further, the parties’ 2002 stipulation, which was incorporated into their May 12, 2004 judgment of divorce, provided that it could not be modified except by an agreement in writing duly subscribed with the same formality as the stipulation. The 2004 agreement did not meet that standard because it was only signed by the husband and was neither signed nor acknowledged by the wife. The wife’s belated attempt to sign the agreement four years after its execution was clearly insufficient to cure the defect.
In addition, because the 2004 agreement does not provide any certainty or limit on the husband’s obligation to pay the costs of the apartments, it lacked reasonable certainty in its material terms, and thus could not be a legally enforceable contract (see Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 482 [1989], cert denied 498 US 816 [1990]).
We have considered the wife’s remaining contentions and find them unavailing. Concur — Mazzarelli, J.E, Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.