# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**606**
**CA 14-01927**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

P&B CAPITAL GROUP, LLC AND
P&B ACQUISITIONS, LLC,
PLAINTIFFS-APPELLANTS,

                      V                              MEMORANDUM AND ORDER

RAB PERFORMANCE RECOVERIES, LLC,
DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

---

CHRISTOPHER W. MCMASTER, BUFFALO, FOR PLAINTIFFS-APPELLANTS.

HISCOCK & BARCLAY, LLP, BUFFALO (DENNIS R. MCCOY OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

     Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (Timothy J. Walker, A.J.), entered June 24, 2014. The
judgment, inter alia, granted the cross motion of defendant RAB
Performance Recoveries, LLC, for summary judgment dismissing the
amended complaint against it and declaring that said defendant is the
owner of certain consumer accounts receivable.

     It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

     Memorandum: Plaintiffs appeal from a judgment that, inter alia,
granted the cross motion of RAB Performance Recoveries, LLC
(defendant) for summary judgment dismissing the amended complaint
against it and declaring, as sought in defendant's first counterclaim,
that defendant is the owner of certain consumer accounts receivable.
Plaintiffs, debt collection agencies, commenced this action for money
had and received and a declaration that they are the sole owners of
certain accounts receivable. Throughout 2007, plaintiff P&B
Acquisitions, LLC entered into a series of agreements "concerning
acquisition of portfolio" with defendant Leddy Bear Ltd., doing
business as Platinum Capital Investments (PCI), to purchase
approximately 13,500 consumer accounts receivable. The agreements
provided that PCI would hold title to the portfolios and sell the
accounts that were not collected within six to eight months.
Contemporaneously with its execution of those agreements, PCI also
executed bills of sale, which transferred ownership of certain of
those portfolios to plaintiffs. In January 2008, PCI sold a number of
the accounts, including 171 accounts that were purchased by defendant.
Defendant successfully collected on several of the accounts, and

plaintiffs, claiming to be the rightful owners thereof, commenced this action seeking to recover that money so collected and seeking a declaration that they were the rightful owners of the remaining uncollected accounts.

Plaintiffs contend that Supreme Court erred in construing the language of the agreements and the bills of sale and that there are triable issues of fact precluding summary judgment. We reject those contentions. It is well settled that, where "a contract is ambiguous, its interpretation remains the exclusive function of the court unless 'determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence' " (*Town of Eden v American Ref-Fuel Co. of Niagara*, 284 AD2d 85, 88, *lv denied* 97 NY2d 603, quoting *Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172). "On the other hand, if the equivocality must be resolved wholly without reference to extrinsic evidence the issue is to be determined as a question of law for the court" (*Hartford Acc. & Indem. Co.*, 33 NY2d at 172). In support of their motion, plaintiffs submitted evidence that, due to a crash of their email server, "there is no relevant evidence extrinsic to the [agreements] bearing on the intention of the parties at the time of [their] execution" and, "[t]hus, there is no question of credibility and there are no inferences to be drawn from extrinsic evidence" (*id.*). To the extent that the bills of sale modified the agreements, we note that the modification of a contract "supplants [only] the affected provisions of the original agreement while leaving the balance of it intact" (*Cappelli v State Farm Mut. Auto. Ins. Co.*, 259 AD2d 581, 581, *lv denied* 93 NY2d 810). The bills of sale did not affect the language of the agreements that directed PCI to sell the uncollected accounts, and thus parol evidence, even if admissible to interpret the ambiguous portion of the agreements, cannot be used to contradict the express, unambiguous terms of the agreements (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162; *Judnick Realty Corp. v 32 W. 32nd St. Corp.*, 61 NY2d 819, 822).

Finally, we reject plaintiffs' further contention that the sales from PCI to later purchasers were invalid because plaintiffs held title to the accounts. When a principal expressly authorizes its agent to sell its property and the agent sells the property as occurred here, title to that property passes without regard to a collateral breach of the agency agreement (*see Stanton Motor Corp. v Rosetti*, 11 AD2d 296, 297-298; *see also Cory v Nintendo of Am.*, 185 AD2d 70, 72-73).

Entered:  May 8, 2015                          Frances E. Cafarell
                                               Clerk of the Court