■ KATHARINE S. BELL, Now Known as KATHARINE S. LANDERS, Appellant, v GEOFFREY M. BELL, Defendant. [54 NYS3d 776]—

Garry, J.P. Appeal from an order of the Supreme Court (Burns, J.), entered January 26, 2016 in Otsego County, which denied plaintiff's motion to, among other things, enforce certain provisions of the parties' judgment of divorce.

In December 2010, plaintiff (hereinafter the wife) and defendant (hereinafter the husband) entered into a separation agreement, which was incorporated into, but did not merge with, a subsequent judgment of divorce. As pertinent here, the agreement included a provision regarding the parties' responsibilities for the repayment of student loans for their two children (born in 1988 and 1990). In November 2015, by order to show cause and pursuant to Domestic Relations Law § 244, the wife moved to enforce the judgment of divorce, alleging that the husband failed to meet his student loan obligations under the separation agreement. The husband denied the allegations and opposed the motion. Following a hearing, Supreme Court denied the motion finding that, among other things, the husband did not breach his obligations under the separation agreement. The wife appeals.

A separation agreement that is incorporated into, but does not merge with, a subsequent judgment of divorce is a legally binding, independent contract between the parties and is interpreted so as to give effect to the parties' intent (*see Matter of Drake v Drake*, 114 AD3d 1119, 1120 [2014]; *Matter of Stewart v Stewart*, 93 AD3d 907, 908 [2012]). Where the terms of an agreement are unambiguous, the intent of the parties is ascertained from within the four corners of the document (*see Fecteau v Fecteau*, 97 AD3d 999, 999 [2012]; *Kumar v Kumar*, 96 AD3d 1323, 1325 [2012]). Here, the separation agreement provides, in pertinent part, that the parties agree to "equally

share all of the children's college . . . expenses" and to each "co-sign an equivalent of [50%] of the children's college loans and to pay the loans back in equal proportions."

In her enforcement motion, the wife alleged that she had co-signed an amount greater than 50% of the children's student loans, based upon the husband's promise to reimburse her and his difficulty in obtaining loan approval. The husband initially contributed to repayment of the wife's loans, but later ceased to do so. Essentially, the wife's application sought enforcement under the first portion of the paragraph set forth above, in which the parties agreed to share the expenses equally, without regard to the second portion, in which they each agreed to do so in a particular manner, by cosigning 50% of said loans.

We affirm, as the proof submitted by the wife was inadequate to demonstrate the essential facts regarding the underlying loans. The only evidence that the wife provided in support of her allegations was a spreadsheet that she had prepared indicating payments that she had allegedly made toward her loans. The record is devoid of any documentary evidence relative to these loans; there is no evidence revealing the total amount of the wife's loans, or the aggregate total of the college loans. As the party seeking enforcement of the separation agreement, it was incumbent upon the wife to present proof of her allegations, which she failed to do (*see LaBombardi v LaBombardi*, 247 AD2d 590, 591 [1998]; *Matter of Cox v Cox*, 181 AD2d 201, 204-205 [1992]).

Even assuming that we were to overlook this failure of proof and consider remitting for further development of the record, as requested, the application fails upon a further ground. The wife's claim arises from an alleged oral modification of the separation agreement, but the agreement required modifications to be made in writing. There is no proof in this record that the parties complied with this provision of the agreement in any manner (*see Ullah v Ullah*, 100 AD3d 482, 483 [2012]; *Keck v Keck*, 282 AD2d 436, 437 [2001]; *Matter of Kienast v Taback*, 202 AD2d 947, 948 [1994]). Under these circumstances, the wife has failed to establish grounds for the enforcement of the separation agreement (*see Petroci v Petroci*, 130 AD3d 1573, 1574 [2015]; *Nacos v Nacos*, 96 AD3d 579, 580 [2012]; *Desautels v Desautels*, 80 AD3d 926, 929-930 [2011]).

The wife's remaining contentions are either unpreserved or have been rendered academic in light of our determination.

Egan Jr., Lynch, Clark and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.