Siouffi v Siouffi (2019 NY Slip Op 53944)





Siouffi v Siouffi


2019 NY Slip Op 53944


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

525914

[*1]Beth A. Siouffi, Respondent,
v
Samer Y. Siouffi, Appellant.

Calendar Date: October 7, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Kirwan Law Firm, PC, Syracuse (Terry J. Kirwan of counsel), for appellant.
Fischer, Bessette, Muldowney & McArdle, LLP, Malone (Matthew H. McArdle of counsel), for respondent.

Fischer, Bessette, Muldowney & McArdle, LLP, Malone (Matthew H. McArdle of counsel), for respondent.



Devine, J.
Appeals from two orders of the Supreme Court (Lawliss, J.), entered February 21, 2017 and July 19, 2017 in Clinton County, which, among other things, granted plaintiff's motion for an order directing the Clinton County Clerk to enter money judgments against defendant.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 2002 and are the parents of one child (born in 2003). In 2014, the parties executed a separation agreement in which they agreed that, among other things, the wife would have primary physical custody of the child and would receive child support and $5,000 a month in postdivorce maintenance from the husband. The wife commenced this divorce action in September 2015 and, at about the same time, the parties entered into an addendum that modified the article of the separation agreement governing child support. The separation agreement and addendum were incorporated, but not merged, into a December 2015 judgment of divorce.
The husband thereafter failed to make any maintenance payments, prompting the wife to move for relief that included authorization to enter a money judgment for the maintenance arrears (see Domestic Relations Law § 244). Supreme Court granted the wife's motion in a February 2017 order, determining, among other things, that the separation agreement unambiguously required the husband to make the maintenance payments and that the addendum did not affect that obligation. The husband continued to shirk his responsibility to make the maintenance payments, resulting in further motion practice by the wife and a July 2017 bench decision in which Supreme Court adhered to the rationale of the February 2017 order and directed the entry of additional money judgments. The terms of that decision were embodied in written orders issued the same month. The husband appeals from the February 2017 and the July 2017 orders.
We affirm. "A separation agreement that is incorporated into, but does not merge with, a subsequent judgment of divorce is a legally binding, independent contract between the parties and is interpreted so as to give effect to the parties' intent" under basic principles of contract interpretation (Bell v Bell, 151 AD3d 1529, 1529 [2017]; see Rainbow v Swisher, 72 NY2d 106, 109 [1988]; Desautels v Desautels, 80 AD3d 926, 928 [2011]). If "the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence" (Rainbow v Swisher, 72 NY2d at 109; see Matter of Meccico v Meccico, 76 NY2d 822, 823-824 [1990] Bell v Bell, 151 AD3d at 1529; Kumar v Kumar, 96 AD3d 1323, 1325 [2012]). A "court is not 'limited to the literal language of the agreement, but should also include a consideration of whatever may be reasonably implied from that literal language'" (Desautels v Desautels, 80 AD3d at 928, quoting Hewlett v Hewlett, 243 AD2d 964, 966 [1997], lvs dismissed 91 NY2d 887 [1998], 95 NY2d 778 [2000]; see Matter of Shkaf v Shkaf, 162 AD3d 1152, 1155 [2018]).
The separation agreement required the husband to pay the wife $5,000 a month in postdivorce maintenance until the occurrence of one or more specified events. The husband suggests that, inasmuch as "the amount of child support" was cited in the separation agreement as one reason for that amount of maintenance, his maintenance obligation ceased when his child support obligation was altered by the addendum. His argument founders upon the fact that the addendum, as a modification to the separation agreement, only "supplant[ed] the affected provisions of the underlying agreement while leaving the balance of its provisions unchanged" (Benipal v Herath, 251 AD2d 933, 934 [1998] [emphasis added]; accord Gizara v New York Times Co., 80 AD3d 1026, 1028 [2011]; see also Cortesi v R & D Constr. Corp., 137 AD2d 901, 903 [1988] [Levine, J., dissenting], mod on dissenting op 73 NY2d 836, 838 [1988]). The addendum says nothing about modifying postdivorce maintenance, language that could reasonably be expected had the parties intended to do so. Instead, the addendum replaces a different article of the separation agreement dealing with child support, then states that "all other provisions" of the separation agreement, unless "inconsistent with" its changes, would remain "in full force and effect." The provision of postdivorce maintenance under the separation agreement — even if the parties' original child support arrangement was part of the reason for it — was not an impediment to changing that arrangement and, as a result, remained in effect (see Matter of Meccico v Meccico, 76 NY2d at 824; see also P & B Capital Group, LLC v RAB Performance Recoveries, LLC, 128 AD3d 1534, 1535-1536 [2015]). The otherwise clear language of the addendum was not rendered "subject to more than one reasonable interpretation" when it cited the new child support arrangement's ability to cover the wife and child's "after tax expenses" as justification to deviate from the presumptively correct amount of child support (Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680 [2015]; see Domestic Relations Law § 240 [1-b] [f]). Thus, Supreme Court correctly determined that the husband continues to owe maintenance as set forth in the separation agreement and that the wife was entitled to money judgments after he failed to pay it.
Garry, P.J., Lynch and Mulvey, JJ., concur.
ORDERED that the orders are affirmed, without costs.