Matter of Remi R.C.G. (Michael M.) (2025 NY Slip Op 01926)

Matter of Remi R.C.G. (Michael M.)

2025 NY Slip Op 01926

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-11885
 (Docket Nos. N-3845-18, N-18805-18)

[*1]In the Matter of Remi R. C. G. (Anonymous). Administration for Children's Services, petitioner- respondent; Michael M. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Myasia C. M. (Anonymous). Administration for Children's Services, petitioner- respondent; Michael M. (Anonymous), appellant, et al., respondent. (Proceeding No. 2) 

Rhea G. Friedman, New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Jennifer Lerner of counsel), for petitioner-respondent.
Larry S. Bachner, New York, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Michael M. appeals from an order of fact-finding of the Family Court, Kings County (Melody Glover, J.), dated November 9, 2023. The order of fact-finding, after a fact-finding hearing, found that Michael M. neglected the child Remi R. C. G. and derivatively neglected the child Myasia C. M.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that Michael M. (hereinafter the appellant), a person legally responsible for the child Remi R. C. G. and the father of the child Myasia C. M., neglected Remi R. C. G. and derivatively neglected Myasia C. M. After a fact-finding hearing, in an order of fact-finding dated November 9, 2023, the Family Court found that the appellant neglected Remi R. C. G. and derivatively neglected Myasia C. M. This appeal ensued.
"In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner must establish by a preponderance of the evidence that the subject child is neglected" (Matter of Andrew M. [Brenda M.], 225 AD3d 764, 765; see Family Ct Act § 1046[b][i]). "'To establish neglect of a child, the petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Veronica M. [Ana M.], 229 AD3d 626, 627, quoting Matter of Chloe P.-M. [Martinique P.], 220 AD3d 783, 784). "The focus of the inquiry with respect [*2]to derivative findings is whether the evidence of abuse or neglect of another child or children demonstrates such an impaired level of parental judgment so as to create a substantial risk of harm for the other child or children in the parent's care" (Matter of Katherine L. [Adrian L.], 209 AD3d 737, 739-740 [internal quotation marks omitted]). "'Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor'" (Matter of Ashlyn M. [Robert J.], 228 AD3d 939, 941, quoting Matter of Amberlyn H.P. [Jose H.C.], 187 AD3d 920, 920).
Contrary to the appellant's contentions, the Family Court properly found that the petitioner established by a preponderance of the evidence that the appellant neglected Remi R. C. G. and derivatively neglected Myasia C. M. by engaging in acts of domestic violence against the mother in Remi R. C. G.'s presence while the mother was pregnant with Myasia C. M. (see Matter of Davena A. [Christopher A.], 232 AD3d 595, 597; Matter of Dalia G. [Frank B.], 128 AD3d 821, 823). Moreover, there is no basis for disturbing the court's credibility determinations, which are entitled to great deference (see Matter of Leah S. [Barnett V.], 228 AD3d 667, 669).
The appellant's contention that the Family Court should have appointed a separate attorney to represent each of the children is unpreserved for appellate review (see Matter of Mary R.F. [Angela I.], 144 AD3d 1493, 1494) and, in any event, without merit (see Matter of Child Welfare Admin. [Louis G.], 270 AD2d 259, 260).
Accordingly, the Family Court properly found that the appellant neglected Remi R. C. G. and derivatively neglected Myasia C. M.
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court