OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Under the current scheme for enforcing court-ordered child support obligations, courts may not reduce or cancel any arrears that have accrued
 
 (see,
 
 Domestic Relations Law § 236 [B] [9] [b]; § 244; Family Ct Act §§ 451, 460 [1]). This prohibition is the culmination of a series of statutory amendments that, since 1980, have curtailed judicial power to modify accumulated child support arrears and instead shifted the burden to the paying spouse to act prospectively by seeking a reduction of support obligations before default.
 

 The novel question here is whether these amendments permit a recipient to waive the right to unpaid child support simply by failing to demand payment or seek enforcement of support obligations for 11 years. We conclude that forgiveness of nonpayment based on such implied waiver is prohibited. We therefore reverse the order of the Appellate Division, which found that petitioner had waived her right to $28,875 in child support arrears, and reinstate the trial court’s decision allowing the arrears.
 

 I, Facts
 

 Petitioner Judy A. Dox and her former husband, respondent Timothy M. Tynon, were divorced in June 1983. The parties had two children, Thomas John and Travis William, and their divorce decree incorporated a stipulation providing that respondent would pay petitioner $25 per week per child in support.
 

 After meeting his child support obligations for a few months, respondent ceased making payments in October 1983. It is undisputed that, for the next 11 years, he paid no child support. Petitioner neither requested payment during this period nor attempted to enforce the support provisions of their divorce decree. Finally, in November 1994, she sought a judgment in Family Court for alleged arrears for the past 11 years, amounting to $28,895. At that time, she also applied for an upward modification of respondent’s child support payments for their younger son based on changed circumstances.
 

 At a hearing before Family Court, respondent contended that, after paying child support for several months, petitioner
 
 *169
 
 informed him that she wanted him out of her life. He purportedly responded that he would stay away from her and the children, but that she would not receive any money from him. Thereafter, respondent made no payments and did not call or visit the children. Petitioner testified that she and her new husband supported the children during the time that respondent failed to make support payments, but she denied the alleged conversation.
 

 Respondent argued before Family Court that petitioner had waived her right to child support arrears in exchange for his agreement not to interfere in her life or seek visitation and by waiting 11 years to seek enforcement. Although the applicable limitations period at the time was six years
 
 (see, Tauber v Lebow,
 
 65 NY2d 596), he did not raise a Statute of Limitations defense.
 

 Concluding that respondent could not rely on petitioner’s failure to request payment, Family Court rejected the waiver argument, making no finding regarding the alleged conversation between the parties. The court directed respondent to pay $28,875 in arrears, as well as an additional $1,490.94 for support payments due since the filing of the petition. It also increased respondent’s support obligation for the younger child to $165 biweekly in accordance with the Child Support Standards Act, and suspended support of the older child, who was emancipated in September 1994.
 

 The Appellate Division modified, holding that petitioner had waived her right to collect child support arrears. Like Family Court, it did not find that the conversation alleged by respondent actually took place. Rather, it premised its waiver determination on petitioner’s lengthy delay in seeking payment, as well as the fact that she assumed responsibility for supporting the children during the 11-year period and had the financial means to do so. The court further concluded that such waiver was not statutorily prohibited. We now reverse.
 

 II. The Statutory Framework
 

 The Domestic Relations Law and Family Court Act contain parallel provisions governing modification of child support orders and the entry of money judgments to enforce such orders. Prior to 1980, when a spouse defaulted on support payments of any type, the statutes permitted the court in its discretion to enter judgment for the full amount of arrears, reduce the spouse’s support obligations retroactively or cancel the arrears altogether.
 

 
 *170
 
 Specifically, Domestic Relations Law § 244 — the provision authorizing enforcement of support arrears by entry of a money judgment — provided that, upon default, "the court in its discretion may make an order directing the entry of judgment for the amount of such arrears, or for such part thereof as justice requires” (Domestic Relations Law former § 244 [amended by L 1980, ch 645, § 5]). Domestic Relations Law § 236 (B) (9), enacted as part of the Equitable Distribution Law in 1980, governs "[enforcement and modification of orders and judgments in matrimonial actions.” Paragraph (b) prohibited courts from modifying any outstanding sum that had been reduced to final judgment
 
 (see,
 
 Domestic Relations Law § 236 [B] [9] [former (b)] [amended by L 1980, ch 281, § 9]). Otherwise, section 236 (B) (9) (b) permitted a court to "annul or modify any prior order or decree as to maintenance or child support, upon a showing of the recipient’s inability to be self-supporting or a substantial change in circumstances”
 
 (id.).
 

 Similarly, Family Court Act § 460 (1) — the corollary to Domestic Relations Law § 244 — allowed the Family Court, "in its discretion and without regard to the amount due,” to enter a judgment for the amount of spouse or child support arrears "or for such part thereof, as justice requires” (Family Ct Act § 460 [former (1)] [amended by L 1980, ch 645, § 1]). Under section 451 — the enforcement and modification counterpart in the Family Court Act to Domestic Relations Law § 236 (B) (9) (b)— Family Court could "modify, set aside or vacate” any order issued in a Family Court Act article 4 support proceeding (Family Ct Act former § 451 [amended by L 1984, ch 631, § 1]). Section 458 ("Cancellation of arrears”) further authorized Family Court to cancel all arrears due on a prior support order, in its discretion, upon a showing of good cause
 
 (see,
 
 Family Ct. Act former § 458 [repealed by L 1983, ch 746, § 4];
 
 see also,
 
 Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Part 1, Family Ct Act § 458, 1982 Supp Pamph, at 221). Consistent with the Domestic Relations Law, Family Court, however, could, not modify arrears that had been transformed into a money judgment pursuant to section 460 (1)
 
 (see,
 
 Family Ct Act § 460 [former (3)] [amended by L 1983, ch 746, § 6]).
 

 Significantly, these earlier statutes placed the burden of taking legal action on the party entitled to receive child support. The defaulting spouse, by contrast, could simply let arrears accumulate and wait until an enforcement proceeding was initiated to request abatement or annulment of those arrears.
 

 A. The 1980-1984 Amendments
 

 
 *171
 
 Beginning in 1980, the Legislature sought to shift the onus to the obligated spouse to seek prospective relief from support requirements prior to default and eliminate judicial discretion to enter judgment for less than the full amount of arrears
 
 (see,
 
 Mem in Support, Bill Jacket, L 1980, ch 645). Thus, in 1980 and 1981, Domestic Relations Law § 244 and Family Court Act § 460 (1) were both amended to make entry of a money judgment for the full amount of child or spouse support arrears mandatory, with one limited exception: where "the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears”
 
 (see,
 
 L 1980, ch 645, §§ 1, 5;
 
 see also,
 
 L 1980, ch 241, § 2; L 1981, ch 695, § 4).
 
 [1]
 

 Domestic Relations Law § 236 (B) (9) (b) was likewise amended to preclude reduction or annulment of any such arrears unless the defaulting spouse could establish good cause for having failed to seek prospective relief from the support judgment or order before the arrears accrued
 
 (see,
 
 L 1980, ch 645, § 3; L 1981, ch 695, § 2).
 
 [2]
 
 In 1984, an identical amendment was made to Family Court Act § 451 to eliminate any disparity among the statutory standards for retroactive reduction
 
 (see,
 
 L
 
 *172
 
 1984, ch 631, § 1; Mem in Support, Bill Jacket, L 1984, ch 631).
 
 [3]
 
 Family Court Act § 458, separately addressing cancellation of arrears, was repealed in 1983
 
 (see,
 
 L 1983, ch 746, § 4).
 

 Under these amendments, any modification of arrears that had been reduced to a final judgment was still prohibited
 
 (see,
 
 Domestic Relations Law § 236 [B] [9] [former (b)] [as amended by L 1981, ch 695, § 2]; Family Ct Act § 460 [former (3)] [as amended by L 1983, ch 746, § 6]). Modification was otherwise permissible only if the defaulting spouse could establish good cause for having failed to request downward modification of support obligations prior to the accumulation of arrears. The amended enforcement scheme thereby assured the recipient spouse the remedy of judgment for the full amount of arrears, while the obligated spouse retained "the right to commence proceedings and prove change in circumstances to justify prospective reduction of support payments” (Mem in Support, Bill Jacket, L 1980, ch 645).
 

 B. The Support Enforcement Acts of 1986 and 1987
 

 Until 1986, child support and other types of arrears, including maintenance, were treated similarly. In the New York State Support Enforcement Act of 1986, the Legislature for the first time carved out a special category for child support arrears, barring any reduction or cancellation.
 

 The law created the current version of Domestic Relations Law § 244, which mandates that the court "shall make an order directing the entry of judgment for the amount of arrears of child support,” with no exception
 
 (see,
 
 L 1986, ch 892, § 8, amended by L 1988, ch 327, § 1). With regard to "arrears of any other payments,” the court is required to enter judgment for the full amount unless the defaulting spouse shows good cause for failing to request relief before the arrears accumulated
 
 (see, id.).
 

 [4]
 

 An identical change was made to the anal
 
 *173
 
 ogous Family Court Act provision
 
 (see,
 
 Family Ct Act § 460 [1] [as amended by L 1986, ch 892, § 24]).
 

 Similar alterations distinguishing between child support and maintenance arrears weré made to the enforcement and modification provisions — Domestic Relations Law § 236 (B) (9) (b) and Family Court Act § 451
 
 (see,
 
 L 1986, ch 892, §§ 4, 21). Domestic Relations Law § 236 (B) (9) (b) was amended again the next year as part of the Support Enforcement Act of 1987, and that section now provides:
 

 "[N]o modification or annulment shall reduce or annul any arrears of child support which have accrued prior to the date of application * * * The court shall not reduce or annul any arrears of maintenance which have been reduced to final judgment pursuant to section two hundred forty-four of this chapter. No other arrears of maintenance which have accrued prior to the making of such application shall be subject to modification or annulment unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears” (Domestic Relations Law § 236 [B] [9] [b] [as amended by L 1987, ch 815, §7]).
 

 The Family Court Act analogue likewise mandates that any Family Court modification, set aside or vacatur "shall not reduce or annul
 
 child support arrears
 
 accrued prior to the making of an application pursuant to this section” and "shall not reduce or annul
 
 any other arrears
 
 unless the defaulting party shows good cause for failure to make application for relief * * * prior to the accrual of the arrears” (Family Ct Act § 451 [as amended by L 1986, ch 892, § 21] [emphasis added]).
 

 The purpose of the recent revisions was to "preclude[ ] 'forgiveness’ of child support arrears to ensure that respondents are not financially rewarded for failing either to pay the order or to seek its modification” (Governor’s Mem Approving L 1986, ch 892, 1986 NY Legis Ann, at 361). Under the present enforcement scheme, then, "[n]o excuses at all are tolerated with re
 
 *174
 
 spect to child support” (Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 244, at 752). Child support arrears must be awarded
 
 in full,
 
 regardless of whether the defaulter has good cause for having failed to seek modification prior to their accumulation
 
 (see,
 
 Besharov, 1986 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 451, 1997 Pocket Part, at 133; Gallet and Finn, Spouse and Child Support in New York § 16:2). "If a party obligated to pay child support wishes to avoid making payment, such as where his or her financial circumstances have deteriorated, that party must make an affirmative request for relief’ (Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 244, at 752).
 

 The recipient of child support payments, however, is subject to a limitations period and, therefore, cannot delay enforcement indefinitely. Prior to 1987, the applicable period was six years unless the order had been reduced to judgment
 
 (see, Tauber v Lebow,
 
 65 NY2d 596,
 
 supra).
 
 Tellingly, as part of the Support Enforcement Act of 1987, the Legislature extended the Statute of Limitations for all subsequent actions for support, alimony or maintenance to 20 years from the date of default, regardless of whether the arrears have been reduced to judgment
 
 (see,
 
 CPLR 211 [e]).
 

 Against this statutory background, we turn to the issue of waiver.
 

 III. Waiver
 

 A custodial parent’s right to collect child support payments pursuant to court order is subject to waiver, both express and implied
 
 (see, Maule v Kaufman,
 
 33 NY2d 58,
 
 rearg denied
 
 33 NY2d 940;
 
 Swanton v Curley,
 
 273 NY 325,
 
 rearg denied
 
 274 NY 489;
 
 Axelrad v Axelrad,
 
 285 App Div 903,
 
 affd
 
 309 NY 687). This Court has not, however, considered the continued viability of a waiver defense under the various amendments made to the support enforcement scheme from 1980 to 1987.
 

 The Appellate Division, citing
 
 Friedman v Exel
 
 (116 AD2d 433), concluded that petitioner had waived her entitlement to child support arrears by failing to demand payment for 11 years and by supporting the children during the period of nonpayment. Like the
 
 Friedman
 
 court, the Appellate Division held that, in light of this waiver, respondent’s failure to make the requisite payments did not constitute a "default” within
 
 *175
 
 Domestic Relations Law §§ 244 and 236 (B) (9) (b)
 
 (see also,
 
 Family Ct Act § 460 [1]; § 451).
 

 Notably, we are not dealing with an express waiver of support here. There was no finding below that petitioner ever agreed to assume respondent’s child support obligations in exchange for his promise to leave her and the children alone. The Appellate Division, moreover, did not base its determination on the oral agreement alleged by respondent. We therefore need not resolve whether, where the parties reach an agreement altering support obligations, subsequent nonpayment would constitute "default” in the first place, or the unpaid sums "arrears”
 
 (cf., Matter of Cox v Cox,
 
 181 AD2d 201, 204 [Levine, J.]).
 

 Here, by contrast, the alleged
 
 implied
 
 waiver is retrospective — it is based on petitioner’s behavior after respondent declined to make the requisite payments. Pursuant to the 1980 amendments, child support obligations vest as they become due
 
 (see,
 
 Mem in Support, Bill Jacket, L 1980, ch 645). Each delinquency, therefore, preceded petitioner’s corresponding failure to demand the particular payment and assumption of the neglected responsibility. In other words, respondent was in "default” upon each missed payment, and the outstanding sums comprised "arrears” within the statutes.
 

 Petitioner’s subsequent silence and inaction, moreover, did not permit respondent’s defaults to be forgiven retroactively and the child support arrears canceled. By the time of the parties’ divorce decree in 1983, respondent could no longer withhold support payments until an enforcement proceeding was brought by petitioner and then, at that point, obtain a reduction or cancellation of the accumulated arrears. Rather, the Legislature had already transferred the burden to respondent to seek prospective modification of court-ordered payments or explain adequately the failure to do so.
 

 Indeed, the 1980 and 1981 amendments prohibited any modification or annulment of accrued child support arrears "unless the defaulting party shows good cause for failure to make application for relief * * *
 
 prior to the accrual of such
 
 arrears” (Domestic Relations Law § 236 [B] [9] [former (b)]; § 244 [as amended by L 1980, ch 645, §§ 3, 5; L 1980, ch 241, § 2; L 1981, ch 695, §§ 2, 4]; Family Ct Act § 460 [former (1)] [as amended by L 1980, ch 645, § 1] [emphasis added];
 
 see also,
 
 Family Ct Act former § 451 [as amended by L 1984, ch 631, § 1]). Thus, "[n]ot only must the respondent’s application for
 
 *176
 
 relief precede the petitioner’s request for a money judgment — it must also precede the
 
 accrual
 
 of arrears” (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Part 1, Family Ct Act § 460, at 421 [emphasis in original]). Here, however, respondent never sought prospective downward modification of his child support obligations and proffered no explanation for failing to make an application "prior to the accrual of such arrears”
 
 (see, Matter of Cox v Cox,
 
 181 AD2d at 204,
 
 supra; Shirback v Shirback,
 
 115 AD2d 992).
 

 As of 1986, moreover, cancellation of accumulated child support arrears was absolutely prohibited. At that point, not even good cause for having failed to seek a prospective downward modification could justify annulling respondent’s unpaid child support.
 

 We therefore conclude that petitioner did not implicitly waive her right to outstanding child support payments by delaying enforcement and assuming responsibility for support during that delay. Indeed, to allow such an implied waiver of child support arrears would permit what the various amendments to the support enforcement scheme expressly sought to prohibit: retroactive modification of child support arrears. Recognizing implied waiver under these circumstances would, moreover, be tantamount to placing the burden back on child support recipients to initiate enforcement proceedings. Such a result would defeat the manifest legislative intent to guarantee payment in full of all court-ordered child support obligations, except where — before missing any payments — the paying spouse successfully applies to the court for modification.
 

 Finally, respondent’s argument that petitioner’s 11-year delay in enforcing her right to arrears substantially exceeded the applicable six-year Statute of Limitations is unavailing. Typically, a recipient’s ability to delay enforcing support arrears is circumscribed by the period of limitations. Here, however, respondent failed to assert a Statute of Limitations defense before the Family Court.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the order of Family Court reinstated.
 

 Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order reversed, etc.
 

 [1]
 

 . As amended in 1980 and 1981, Domestic Relations Law former § 244 provided: "Where a spouse in an action for divorce * * * makes default in paying any sum of money as required by the judgment or order directing the payment thereof, the court shall make an order directing the entry of judgment for the amount of such arrears together with costs and disbursements unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears.” Family Court Act § 460 (former [1]), as amended in 1980, provided that where the Family Court enters a support order, "and the party defaults in paying any sum of money due as required by the order directing the payment thereof, the court, without regard to the amount due, shall make an order directing the entry of judgment for the amount of such arrears, together with costs and disbursements unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears.”
 

 [2]
 

 . Domestic Relations Law § 236 (B) (9) (former [b]), as amended in 1980 and 1981, provided: "Upon application by either party, the court may annul or modify any prior order or decree as to maintenance or child support, upon a showing of the recipient’s inability to be self-supporting or a substantial change in circumstances, including financial hardship. * * * Provided, however, that no modification or annulment shall reduce or annul any arrears which have been reduced to final judgment pursuant to section two hundred forty-four of this chapter. Any other arrears accrued prior to the making of such application shall not be subject to modification or annulment unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears.”
 

 [3]
 

 . Former section 451, as amended in 1984, provided: "The court has continuing jurisdiction over any support proceeding brought under this article until its judgment is completely satisfied and may modify, set aside or vacate any order issued in the course of the proceeding, provided, however, that the modification, set aside or vacatur shall not reduce or annul arrears accrued prior to the making of an application pursuant to this section unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing payment prior to the accrual of the arrears.”
 

 [4]
 

 .
 
 Domestic Relations Law § 244 presently states: "Upon application the court shall make an order directing the entry of judgment for the amount of arrears of child support together with costs and disbursements. The court
 
 *173
 
 shall make an order directing the entry of judgment for the amount of arrears of any other payments so directed, together with costs and disbursements, unless the defaulting party .shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears.”