■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of MARY S. BAKER, Respondent, v ROBERT T. SIMPSON, Appellant. [674 NYS2d 300] —Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about June 5, 1996, which, in a proceeding for support under Family Court Act article 4, denied respondent's application for a refund of support payments made to petitioner Commissioner of Social Services as assignee of the support rights of respondent's ex-wife, and vacatur of the arrears found owing by respondent in a prior order, unanimously affirmed, without costs.

Respondent claims that it was unjust to have required him to reimburse petitioner for welfare payments "fraudulently" obtained by the assignor, when respondent has always supported the assignor and the subject children by paying the assignor directly. Under the present enforcement scheme for child support obligations, " 'no excuses at all are tolerated with respect to child support' ", and "[c]hild support arrears must be

awarded *in full,* regardless of whether the defaulter has good cause for having failed to seek modification prior to their accumulation" (*Matter of Dox v Tynon,* 90 NY2d 166, 173-174). Assuming in respondent's favor that fraud on the part of the recipient of child support constitutes an exception to this rule against retroactive modification or cancellation of child support obligations, such exception should apply only where the fraud was not discoverable prior to the accrual of payment obligations, obviously not the situation here, where any payments made by respondent to the assignor were with knowledge that he was under court order to make his child support payments to petitioner. For the same reason, respondent cannot show "good cause" for failing to raise his fraud objection prior to the accrual of any spousal support arrears (*see, supra*). To the extent respondent claims a right to relief because of poverty (Family Ct Act § 413 [1] [g]), such claim was not raised before Family Court on the instant application, and may not be considered on appeal. Concur—Milonas, J. P., Ellerin, Williams, Tom, Mazzarelli, JJ.