[719 NYS2d 2]

ROSEMARY SHAVIT, Respondent, v ISACK SHAVIT, Appellant.
NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Assignee
of Respondent.

First Department, December 21, 2000

## APPEARANCES OF COUNSEL

*Grace Goodman* of counsel (*Michael D. Hess, Corporation Counsel* of New York City, attorney), for assignee of respondent.

*Mace H. Greenfield* of counsel (*Law Office of Sari M. Friedman, P. C.,* attorney), for appellant.

## OPINION OF THE COURT

Tom, J.

At issue in this case is whether the New York City Department of Social Services may collect accumulated child support arrears owed by respondent, after the underlying child support obligation was terminated, and when no action for arrears enforcement was commenced within the applicable Statute of Limitations period.

The parties were married in 1971, and were divorced in 1976. Their one child was born in 1972. A 1975 Family Court order had directed respondent-appellant husband to pay $25 per week in child support. This level of support was continued, and arrears of $700 due the New York City Department of Social Services were reduced to a judgment by a 1979 Family Court order. Apparently around that time, the whereabouts of the wife and child became, and have remained, unknown. Neither the wife nor the Department of Social Services (DSS), as assignee of the wife, brought further petitions for enforcement. The matter thereafter languished for almost a decade until 1988 when the husband filed a petition with the Family Court to terminate child support and vacate arrears on the ground that he had had no contact with the child for 9½ years. The wife, who was not served insofar as her whereabouts were unknown to the husband, did not appear. By order dated October 6, 1988, the husband's child support was terminated effective July 18, 1988, but that portion of the petition to vacate arrears was held in abeyance.

The matter again languished for another decade until 1997, at which time the husband filed a petition to vacate all arrears and for a return of $321 of unapplied money being held by the DSS Support Collection Unit for the wife. The $321 was intercepted from the husband's tax refunds in 1986 and 1987

to provide partial satisfaction of the arrears. Again, service on the wife was apparently impracticable and she did not appear. By a statement of arrears dated March 30, 1998, the Support Collection Unit of the DSS claimed that the husband owed DSS $3,399.50 in arrears as of the last payment of child support due while the child was receiving public assistance (i.e., February 1982), and that he owed the wife $8,425 in arrears up to 1988. The Support Collection Unit continued to hold the $321 insofar as it had no forwarding address for the wife.

By order dated April 1, 1998, the Hearing Examiner fixed arrears and directed the husband to pay these amounts (minus the $321 already being held by DSS) to DSS. The husband filed objections in which he raised due process challenges and relied on the six-year Statute of Limitations (CPLR 213 [1]) to bar any action for arrears as of 1994 (six years from the 1988 order terminating his support obligations) except as to the original judgment in arrears for $700 due DSS in 1979. The husband also argued, *inter alia*, that the wife's conduct of disappearing with the child, thus denying him visitation, waived her right, if any, to arrears. Nevertheless, as a consequence of the order, the husband's wages were garnished in the amount of $50 per week and his driver's license was revoked. By order entered on or about April 1, 1998, Family Court (Sara Schechter, J.), found that it was unable to determine how the Hearing Examiner arrived at his calculations and thus remanded the matter to the Hearing Examiner for findings of fact. These were issued on May 28, 1998 and a final order of the Hearing Examiner was entered on or about June 10, 1998 that essentially tracked the prior order. The husband again submitted objections, also essentially asserting his prior objections. By order entered on or about December 1, 1999, Family Court rejected the objections and found legal and record support for the order. Rather than applying the CPLR 213 (1), six-year Statute of Limitations that is available when no other limitations period is provided by statute, as to collection of the arrears, the court applied the CPLR 211 (e), 20-year limitations period for actions to enforce support judgments or orders. The court found the arrears due DSS, though held in abeyance since 1988, were not waivable under Family Court Act § 451. The court also found that application of section 451, prohibiting judicial reduction or vacatur of previously accrued child support arrears, defeated the Statute of Limitations defense.

■ Initially, we reject the husband's claim that the wife's effective denial of visitation to the husband waives her right to

child support (*Consentino v Sweeney*, 143 AD2d 971). However, the claim for enforcement as to arrears in this case is time barred.

■ Family Court's reliance on CPLR 211 (e), to impose a 20-year Statute of Limitations to this 1979 arrears case, overlooks that section's express applicability only to actions commenced on or after August 7, 1987 (*Thurmond v Thurmond*, 155 AD2d 527). The only orders directing payment in this case date from the 1970's; no action was commenced by DSS or the wife subsequent to the effective date of the amendment to CPLR 211 (e). As such, the general six-year limitations period set forth in CPLR 213 (1), rather than the 20-year limitations period set forth in CPLR 211 (e), applies.

The Family Court's conclusion that arrears owed DSS cannot be waived pursuant to Family Court Act § 451 was correct. Family Court Act § 451 was modified in 1986 (L 1986, ch 892, § 21) as part of the New York State Support Enforcement Acts of 1985 and 1986 (L 1985, ch 809; L 1986, ch 892), which were intended to better effectuate child support enforcement and to comply with the Federal Child Support Enforcement Amendments of 1984 (42 USC § 651 *et seq.*). Insofar as New York participates in the Federally funded Aid to Families with Dependent Children program, New York is bound to the relevant provisions of the Federal program (*Matter of Commissioner of Social Servs. v Segarra*, 78 NY2d 220, 225), including the requirement that the recipient State enact laws precluding retroactive modification of pre-existing child support orders (42 USC § 666 [a] [9] [C]).

As modified, effective August 5, 1986, Family Court Act § 451 provides a court "continuing jurisdiction over any support proceeding * * * until its judgment is completely satisfied and may modify, set aside or vacate any order issued in the course of the proceeding, provided, however, that the modification, set aside or vacatur shall not reduce or annul child support arrears accrued prior to the making of an application pursuant to this section. The court shall not reduce or annul any other arrears unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing payment prior to the accrual of the arrears." Section 451, as amended, mandates the entry of judgment for the amount of arrears of child support with no exception (*Matter of Dox v Tynon*, 90 NY2d 166). As the Court of Appeals notes in *Dox* (*supra*, at 173-174), "[t]he purpose of the recent revisions was to 'preclude [ ] "forgiveness" of child support arrears to ensure

that respondents are not financially rewarded for failing either to pay the order or to seek its modification'" (citing Governor's Mem Approving L 1986, ch 892, 1986 NY Legis Ann, at 361). Hence, "[c]hild support arrears must be awarded in full, regardless of whether the defaulter has good cause for having failed to seek modification prior to their accumulation" (*Matter of Dox v Tynon, supra*, at 174, citing Besharov, 1986 Supp Practice Commentaries, McKinneys Cons Laws of NY, Book 29A, Family Ct Act § 451, 1997 Pocket Part). Thus, a default on payments by the obligated spouse, followed by nonenforcement by the entitled spouse, does not impliedly waive the right to arrears by the entitled spouse nor the obligated spouse's vested obligation as to each child support payment (*Matter of Dox v Tynon, supra*). Therefore, the husband's 1988 proceeding to terminate his support obligation, in which he succeeded, was not retroactively effective to relieve him of his obligation to satisfy accrued arrears. For this reason, the husband has no basis to demand back the $321 intercepted from his tax refunds, validly seized during a period in which he was in arrears.

However, the issue as presented is not whether the lapse in enforcement constituted a waiver, but whether DSS retains the legal and procedural power of prospective enforcement despite its dilatoriness. In this case, it does not. As *Dox* makes clear, an enforcement action may not be delayed indefinitely, and is subject to a limitations period. In *Dox*, although the petitioner's 11-year delay in enforcing her right to arrears exceeded the six-year limitations period, the respondent had failed to assert a Statute of Limitations defense, making it unavailable for him. In the present case, of course, the defense was asserted. In this case, DSS, at the hearing, made clear that it was seeking recovery of the arrears accrued as to DSS for the period from February 1979 to February 1982, during which the wife was on public assistance. In the hearing below, DSS was not seeking to collect arrears due the wife. However, the 1998 DSS income execution for support enforcement did aggregate amounts owed to DSS and the wife. Applying the six-year Statute of Limitations would bar the action for these arrears as of February 1988. The arrears sought to be enforced herein, then, are beyond the six-year limitations period, and thus operate to bar enforcement, except as to the $700 in arrears that had been timely reduced to judgment in 1979.

Finally, the husband seeks a reduction of the 1979 judgment for $700, arguing that he was beneath the Federal poverty

level at the time and as such he is entitled to a reduction to $500. However, that challenge is barred as untimely under the present section 451.

Accordingly, the order of Family Court, New York County (Sara Schechter, J.), entered on or about December 1, 1999, denying respondent husband's objection that the Statute of Limitations barred enforcement of child support arrears except for $700 and directing him to pay $8,425 to petitioner and $3,179.50 to the Commissioner of Social Services, should be reversed, on the law, without costs, the award vacated and DSS should be directed to terminate all enforcement, penalties and garnishments based on accumulated arrears upon the respondent's payment to the Department of Social Services of $700.

WILLIAMS, J. P., ELLERIN, RUBIN and SAXE, JJ., concur.

Order, Family Court, New York County, entered on or about December 1, 1999, reversed, on the law, without costs, the award vacated and the Department of Social Services directed to terminate all enforcement, penalties and garnishments based on accumulated arrears upon respondent's payment to it of $700.