■ STELLA M. KOREN, Appellant, v WILLIAM P. KOREN, Respondent. [719 NYS2d 347] —Spain, J. Appeal from a judgment of

the Supreme Court (Coccoma, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered May 5, 1999 in Otsego County, upon a decision of the court.

This appeal involves a May 5, 1999 matrimonial judgment in which Supreme Court apportioned the parties' $8,900 marital debt equally and required plaintiff to pay her 50% share ($4,450) to defendant. The court also awarded child support to plaintiff in the sum of $57.83 per week and calculated that defendant owed plaintiff $2,503.23 in child support arrears. Rather than provide for the settlement of the marital debt independent of the defendant's child support obligations, Supreme Court credited defendant's arrearage ($2,503.23) against plaintiff's share of the marital debt ($4,450). Additionally, the court suspended defendant's future child support payments until November 23, 1999 to cover the balance of plaintiff's share of the marital debt owed to defendant ($1,946.77). This offset arrangement—to which plaintiff did not consent—wholly relieved defendant of his obligation to pay plaintiff child support arrears and prospectively, for a fixed period of time, suspended his future child support obligations. The arrangement effectively shifted to defendant the obligation of paying off the entire marital debt, which consisted solely of credit card debt which had been incurred in his name.

On plaintiff's appeal, we remitted the matter to Supreme Court (273 AD2d 588) seeking more judicial scrutiny of whether defendant—after receiving credit for plaintiff's share of their combined marital debt—had declared bankruptcy discharging the debt and thereby obtaining a windfall. Upon our remittal a hearing was held in July 2000 at which defendant testified that he had not pursued bankruptcy and that it was not likely that he would do so in the future. Notably, as of the time of the remittal hearing, defendant had already received the full credit of $4,450 against his child support arrears and obligations and—as of November 23, 1999—was paying $57.83 weekly child support to plaintiff.

On remittal, in a judgment entered July 24, 2000, Supreme Court—apparently with a view toward properly separating defendant's child support obligations from the resolution of the marital debt issues—modified its original judgment by directing that defendant repay plaintiff (at $25 weekly) for the $4,450 credit he had received in the original judgment, and gave defendant a $4,450 money judgment against plaintiff. Plaintiff now, *inter alia*, takes issue with the court's modification granting defendant a money judgment of $4,450 against her asserting that the hardship created by the challenged offset of child

support against marital debt in the original judgment had already passed, defendant having received the full credit of $4,450 originally ordered by the court.

On plaintiff's appeal, we conclude that the offset contained in the original judgment was not proper. We further conclude, however, that the corrective action taken in the modified judgment was not necessary or warranted. As an initial matter, although we refrained from commenting in our remittal decision, there is a strong public policy against the use of a parent's child support obligation as an offset in resolving other financial issues related to equitable distribution in the absence of consent by the custodial parent and a determination by the court that the child's needs will be met. To be clear, such financial issues should not be resolved in this manner at the expense of the children (*see, Ortman v Ortman,* 265 AD2d 926, 927). It was error for Supreme Court in its original judgment to have canceled defendant's arrears and suspended into the future his child support obligation without plaintiff's consent. In our view, using child support obligations in this manner as an offset to other marital financial obligations effectively canceled the child support arrears to which plaintiff and the child were entitled, which is impermissible (*see generally, Matter of Dox v Tynon,* 90 NY2d 166). Clearly, the entanglement of child support and marital debt unacceptably compromises the objectives of the Child Support Standards Act (Domestic Relations Law § 240 [1-b]; Family Ct Act § 413 [1]).

Although we find that the offset against child support originally ordered was not proper, as a practical matter—since defendant had already received the full $4,450 credit due him for plaintiff's share of the marital debt as of the time of the remittal hearing—Supreme Court should have left things the way they were. Notably, at the time Supreme Court granted defendant the money judgment for the full $4,450 against plaintiff, plaintiff no longer owed defendant anything (what she owed him was paid in full as of November 23, 1999). The money judgment could not only negatively impact plaintiff's credit but permits defendant immediately—if he chooses—to enforce the $4,450 judgment by garnishment and/or other methods, and requires plaintiff to await defendant's gradual, weekly repayment to her of the full amount.

Accordingly, we direct that defendant's weekly repayments to plaintiff pursuant to the modified judgment cease forthwith; the Otsego County Child Support Collection Unit shall return to defendant any of said sums it is presently holding, calculate the total repayments already made to plaintiff by defendant

and notify Supreme Court and both parties of the amount of the refund due defendant by plaintiff. Upon notification of the refund balance, plaintiff shall make weekly payments of $25 directly to defendant until the entire balance owed defendant under this arrangement is paid in full. The money judgment against plaintiff shall be canceled.

We have considered plaintiff's remaining contentions, including Supreme Court's allocation of marital debt and the possibility that defendant might still declare bankruptcy, and find them to be unavailing.

Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment entered May 5, 1999 and the modified judgment entered July 24, 2000 are hereby modified, on the law and the facts, without costs, by giving credit to plaintiff as of November 23, 1999 for full payment to defendant of her share of the marital debt of the parties, and by reversing so much as directed defendant to refund $4,450 to plaintiff in weekly installments; all payments by defendant to plaintiff shall cease and all moneys held in said repayment account by the Otsego County Child Support Collection Unit shall be returned to defendant, and all moneys remitted to plaintiff according to calculations of said Support Collection Unit shall be refunded directly to defendant by plaintiff at the rate of $25 weekly until paid in full commencing 15 days after plaintiff is notified by said Support Collection Unit of the balance due defendant; and the money judgment in favor of defendant against plaintiff in the sum of $4,450 is reversed and canceled; and, as so modified, affirmed.