■ In the Matter of Lynne V. Cook, Respondent, v Matthew Miller, Appellant. [771 NYS2d 779]—

Appeal from an order of the Family Court, Erie County (Janice M. Rosa, J.), entered July 9, 2002. The order denied

respondent's objections to the order of the Hearing Examiner finding respondent in arrears in child support.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Respondent appeals from an order denying his objections to the order of the Hearing Examiner finding respondent in arrears in child support in the amount of almost $40,000 from 1998 through 2002. We reject respondent's contention that the Hearing Examiner erred in refusing to permit respondent to elicit proof relevant to the defenses of laches and estoppel. New York's statutory scheme does not permit courts to consider those equitable defenses in a proceeding, such as this, to collect child support arrearages. Domestic Relations Law § 236 (B) (9) (b) provides in pertinent part that *"no modification . . . shall reduce or annul any arrears of child support which have accrued prior to the date of application to annul or modify any prior order or judgment as to child support"* (emphasis added). Family Ct Act § 451 provides similarly that any modifications to a child support order by Family Court "shall not reduce or annul child support arrears accrued prior to the making of an application" for modification.

The purpose of those provisions is "to 'preclude[ ] "forgiveness" of child support arrears to ensure that respondents are not financially rewarded for failing either to pay the order or to seek its modification' " (*Dox v Tynon,* 90 NY2d 166, 173 [1997]; *see Shavit v Shavit,* 279 AD2d 180, 183-184 [2000]). The onus is on "the obligated spouse to seek prospective relief from support requirements prior to default and eliminate judicial discretion to enter judgment for less than the full amount of arrears" (*Dox,* 90 NY2d at 171). Respondent never requested such relief. The Court of Appeals, after reviewing the legislative history of the amendments to Domestic Relations Law § 236 (B) (9) (b) and Family Ct Act §§ 451 and 460 (1), concluded that, "[a]s of 1986, . . . cancellation of accumulated child support arrears was *absolutely prohibited* . . . [and] not even good cause for having failed to seek a prospective downward modification could justify annulling respondent's unpaid child support" (*id.* at 176 [emphasis added]).

We also reject respondent's contention that petitioner impliedly waived her right to collect the full amount of child support due under the existing order of support. "Petitioner's subsequent silence and inaction . . . d[oes] not permit respondent's defaults to be forgiven retroactively and the child support arrears canceled . . . [inasmuch as] the Legislature . . . transferred the burden to respondent to seek prospective

modification of court-ordered payments or explain adequately the failure to do so" (*id.* at 175). "Recognizing implied waiver . . . would . . . be tantamount to placing the burden back on child support recipients to initiate enforcement proceedings . . . [and] would defeat the manifest legislative intent to guarantee payment in full of all court-ordered child support obligations, except where—before missing any payments—the paying spouse successfully applies to the court for modification" (*id.* at 176).

Finally, we reject respondent's contention that the Hearing Examiner miscalculated the amount of arrears. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Gorski, JJ.