# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

430

CA 10-01456

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

KRISTIN RAINEY, PLAINTIFF-APPELLANT,

V                                                        MEMORANDUM AND ORDER

JASON RAINEY, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

MCGEE & GELMAN, BUFFALO (MICHAEL B. MULVEY OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (MELISSA A. CAVAGNARO OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Frank
Caruso, J.), entered November 16, 2009 in a postjudgment divorce
action. The order, among other things, denied the motion of plaintiff
for daycare arrears and attorney's fees.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law and the facts by awarding plaintiff
the amount of $4,416.20 in daycare arrears and vacating those parts of
the order providing that defendant's proceeds from the sale of the
marital property are to be applied to the amount of child support owed
and as modified the order is affirmed without costs and the matter is
remitted to Supreme Court, Niagara County, for further proceedings in
accordance with the following Memorandum: In this postjudgment
divorce action, plaintiff mother moved, inter alia, for a
determination of the amount of arrears owed by defendant father to her
for maintenance and child support, including daycare arrears, pursuant
to their judgment of divorce. In response, the father sought a
downward modification of child support and maintenance. By the order
in appeal No. 1, Supreme Court granted the mother's motion in part,
determining that she was entitled to $7,800 in maintenance arrears and
to $5,463.58 in child support arrears through October 30, 2009, with a
credit to the father for his share of the proceeds of the sale of the
marital residence. The court denied the mother's motion insofar as it
sought arrears for that part of child support arrears for daycare
expenses, prejudgment interest on the maintenance and child support
arrears, and an award of attorney's fees. Although the court also
denied the father's application for a downward modification of his
child support and maintenance obligations, the father has not taken an
appeal with respect to that denial.

Approximately four months later, the father still had not paid

any amount to the mother for child support or maintenance.  The mother thus filed a second motion seeking a money judgment for the maintenance arrears pursuant to Domestic Relations Law § 244 as well as attorney's fees in the amount of $1,500.  By the order in appeal No. 2, the court, inter alia, determined that the offset for the father's share of the proceeds of the marital residence should be applied to the maintenance arrears and reduced them to $912.38.  The court denied the mother's motion with respect to a money judgment for the arrears and attorney's fees.

Addressing first the order in appeal No. 2, we agree with the mother that the court erred in offsetting the father's share of the proceeds from the sale of the marital residence from the amount of maintenance arrears.  As previously noted, those proceeds had already been taken into account in calculating child support arrears.  We reject the father's contention that the record does not provide a sufficient factual basis to enable this Court to decide that issue.  At the hearing conducted by the court with respect to the mother's motion and the father's application for a downward modification in appeal No. 1, the father acknowledged that, pursuant to the parties' stipulation that was incorporated into their judgment of divorce, he owed $260 per week for child support retroactive to the date of commencement of the divorce action, until the marital residence was sold in November 2008.  Thereafter, the father owed $240 per week for child support and $150 per week for maintenance.  Thus, through October 30, 2009, the date utilized by the court, the father owed $23,920 in child support arrears.  The parties stipulated that the father had paid a total of $11,393.80 in child support through the time of the hearing, and the mother conceded in her submissions that he paid an additional $175 between the date of the hearing and October 30, 2009.  In addition, the parties stipulated that the father was entitled to a credit of $6,887.62 for his share of the proceeds of the marital residence.

Taking into account the amount the father actually paid in child support through October 30, 2009, minus the credit for the proceeds of the sale of the marital home to the total child support payments, we agree with the court in appeal No. 1 that the father owed $5,463.58 in child support arrears.  Because that amount includes the credit for the father's share of the proceeds from the sale of the marital residence, however, the court erred in appeal No. 2 in thereafter crediting those proceeds against the father's maintenance arrears as well.  We therefore modify the order in appeal No. 2 by awarding the mother the amount of $7,800 for maintenance arrears.  We further conclude in appeal No. 2 that the court erred in denying that part of the mother's motion for a money judgment in that amount, inasmuch as the court denied the father's application for a downward modification and, pursuant to Domestic Relations Law § 244, "the court is required to enter judgment for the full amount" of maintenance arrears (*Matter of Dox v Tynon*, 90 NY2d 166, 172).  We therefore further modify the order in appeal No. 2 accordingly.

With respect to the order in appeal No. 1, we conclude that the court erred in failing to grant the mother's motion insofar as it

sought an award for the father's unpaid portion of daycare expenses incurred since commencement of the action. It is well settled that the " 'cancellation of accumulated child support arrears [is] *absolutely prohibited*' " (*Matter of Cook v Miller*, 4 AD3d 745, 746). The father acknowledged that he had paid only $415 for his share of the daycare expenses, and he did not challenge the mother's assertion that she paid a total of $6,039 for such expenses, of which, pursuant to the parties' stipulation, the father was responsible for $4,831.20. The court cancelled the daycare arrears based on the fact that the father had lost his job in January 2009 and therefore was available to provide daycare himself, at no cost. The record demonstrates, however, that the overwhelming majority of the daycare arrears had accumulated prior to the father's loss of employment, and the father conceded that the parties had agreed to keep the child in daycare one day per week thereafter, which is the sole amount for which the mother seeks reimbursement. While the father testified that the mother had agreed to pay for that one day per week of daycare, the parties' stipulation provides that any changes to the parties' obligations must be in writing. We thus conclude that the mother is entitled to an award of $4,416.20 for daycare arrears, and we modify the order in appeal No. 1 accordingly.

With respect to both appeals, we further conclude that the mother is entitled to prejudgment interest on the awards for maintenance and child support arrears, including daycare arrears, through January 2009, when the father was laid off from his job. We conclude that the father's failure to make the required support payments through that date was willful, and that an award of prejudgment interest therefore is mandated (*see* Domestic Relations Law § 244). We further find that, based upon "the relative financial circumstances of the parties and the relative merits of their positions" (*Saylor v Saylor*, 32 AD3d 1358, 1360), the court abused its discretion in denying those parts of the mother's motions in appeal Nos. 1 and 2 for an award of attorney's fees (*see* § 237 [b], [c]). We therefore remit the matter to Supreme Court to award plaintiff the proper amount of prejudgment interest in each appeal as well as attorney's fees incurred by her in each appeal, following a hearing if warranted (*see Gallousis v Gallousis*, 303 AD2d 363).

Entered:  April 1, 2011                    Patricia L. Morgan
                                           Clerk of the Court