■ In the Matter of PATRICIA FISHER, Respondent, v CHARLES N. NATHAN, Appellant. [920 NYS2d 726]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Westchester County (Furman, J.H.O.), dated April 2, 2010, which denied his motion for a temporary downward modification of his obligation to pay arrears for his daughter's college expenses, and (2) an order of the same court (Klein, J.), dated September 20, 2010, which denied his objection to the order dated April 2, 2010.

Ordered that the appeal from the order dated April 2, 2010, is dismissed, without costs or disbursements, as that order was superseded by the order dated September 20, 2010; and it is further,

Ordered that the order dated September 20, 2010, is affirmed, without costs or disbursements.

The Family Court properly denied the father's objection to the order of the Judicial Hearing Officer, which denied his motion for a temporary downward modification of his obligation to pay arrears for his daughter's college expenses. Although child support arrears cease to accrue above the sum of $500 where a noncustodial parent can establish that his or her income is less

than or equal to poverty income guidelines amount for a single person, as reported by the United States Department of Health and Human Services (*see* Family Ct Act § 413 [1] [g]), a "modification, set aside or vacatur [of a child support obligation set forth in a judgment or order] shall not reduce or annul child support arrears accrued prior to the making of an application pursuant to this section" (Family Ct Act § 451 [1]). "In that regard, contrary to the father's claim, child support arrears may not be reduced or annulled even where the defaulting party shows good cause for failing to make an application for relief from the judgment or order of support prior to the accrual of arrears or where requiring the party to pay the arrears will result in a grievous injustice" (*Matter of Mandelowitz v Bodden*, 68 AD3d 871, 875 [2009]; *see Matter of Dox v Tynon*, 90 NY2d 166, 173-174 [1997]).

Here, the father failed to establish that any decline in business sustained by his solo law practice as a result of his illness left him below the federal poverty income guidelines. Accordingly, his obligation for child support arrears continued to accrue, and there is no basis in law to adjust or reduce his obligation to pay child support arrears. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.