■ In the Matter of EARL CADWELL, SR., Appellant, v GENEVIEVE CADWELL, Respondent. [1 NYS3d 321]—

Appeal from an order of the Family Court, Queens County

(Marybeth S. Richroath, J.), dated January 2, 2014. The order denied the father's objections to a prior order of that court (Joette M. Blaustein, S.M.), dated November 20, 2013, which dismissed his petition for a downward modification of his child support obligation retroactive to October 30, 2004, and for the reduction of support arrears.

Ordered that the order dated January 2, 2014, is affirmed, with costs.

In a judgment of divorce dated June 18, 1996, which incorporated but did not merge a separation agreement dated December 1, 1990, the father's child support obligation was set at $150 per week for the parties' children. Pursuant to an order entered August 19, 2008, the father's support obligation was terminated, effective June 12, 2008. Thereafter, pursuant to an order dated July 11, 2012, which was entered on the parties' consent, the father's total support arrears were fixed at $85,871.98, and a money judgment was entered in favor of the mother in that amount. Subsequently, on March 14, 2013, the father commenced this proceeding, seeking a downward modification of his child support obligation retroactive to October 30, 2004, and to reduce the amount of arrears that were fixed in the order dated July 11, 2012. The father contended that there had been a change of circumstances, in that the parties' daughter had been emancipated on October 30, 2004, by virtue of her marriage on that date. The Support Magistrate dismissed the father's petition, and the Family Court denied the father's objections to the Support Magistrate's order.

Family Court Act § 451 provides that the court "shall not reduce or annul child support arrears accrued prior to the making of an application pursuant to this section." A court "ha[s] no discretion to reduce or cancel arrears of child support which accrue before an application for downward modification of the child support obligation" (*Matter of Gardner v Maddine*, 112 AD3d 926, 927 [2013], quoting *Grossman v Composto-Longhi*, 96 AD3d 1000, 1002 [2012]; *see Matter of Dox v Tynon*, 90 NY2d 166, 173-174 [1997]; *Matter of Weintrob v Weintrob*, 87 AD3d 749, 750 [2011]; *Matter of Fisher v Nathan*, 83 AD3d 938, 939 [2011]; *Matter of Moore v Abban*, 72 AD3d 970, 973 [2010]; *Matter of Mandelowitz v Bodden*, 68 AD3d 871, 875 [2009]). Here, the father petitioned for a downward modification of his child support obligation after the arrears accrued. Thus, any modification was prohibited.

In any event, the Family Court properly concluded that the father was barred from relitigating the amount of arrears owed. The order dated July 11, 2012, which fixed the amount of ar-

rears that the father owed, and provided the basis for the entry of the money judgment against him, was entered on his consent. On appeal, a party may not collaterally attack an order entered on his or her consent (*see generally Matter of Jackson v Gangi*, 277 AD2d 383, 384 [2000]). Moreover, the father had a full and fair opportunity, beginning on October 30, 2004, to raise the issue of the emancipation of his daughter, and thus prevent the accrual of additional arrears between that date and June 12, 2008, the date that his support obligation terminated, yet he did not do so. Thus, the court properly determined that the father was barred from litigating or relitigating the issue of arrears (*see Matter of Simmons v Simmons*, 91 AD3d 960 [2012]; *Matter of Hua Fan v Wen Zong Yu*, 91 AD3d 952 [2012]; *Matter of Solis v Marmolejos*, 50 AD3d 691 [2008]).

Accordingly, the Family Court properly denied the father's objections to the order of the Support Magistrate which dismissed his petition for the retroactive modification of his child support obligation, and the reduction of arrears. Dillon, J.P., Leventhal, Chambers and Duffy, JJ., concur.