Lvovsky v Lvovsky (2018 NY Slip Op 03598)





Lvovsky v Lvovsky


2018 NY Slip Op 03598


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Acosta, P.J., Tom, Mazzarelli, Kern, Singh, JJ.


6604 300055/14

[*1]Anna Lvovsky, Plaintiff-Respondent,
v
Gennady Lvovsky, Defendant-Appellant.


Sol Kodsi, New York, for appellant.
The Wallack Firm, P.C., New York (Michael Belmont of counsel), for respondent.



Order, Supreme Court, New York County (Tandra L. Dawson, J.), entered November 18, 2016, which, insofar as appealed from as limited by the briefs, granted plaintiff wife's motion for arrears on a pendente lite order to the extent of directing defendant husband to pay arrears in the amount of $58,071.90, unanimously affirmed, without costs.
Contrary to the husband's contention, the release of disputed funds from escrow to the wife by Queens County Supreme Court did not absolve him of his financial obligations under the pendente lite order. "[C]ourts may not reduce or cancel any [child support] arrears that have accrued" (Matter of Dox v Tynon, 90 NY2d 166, 168 [1997]), and may only modify or annul pendente lite maintenance upon a show of good cause by the defaulting party (id. at 173). Furthermore, pendente lite payments should be paid from the payor's income, not marital funds (see e.g. Azizo v Azizo, 51 AD3d 438, 440 [1st Dept 2008]). Accordingly, the husband's claim that the escrow funds in the wife's possession are his separate property is properly resolved in the determination of the parties' financial issues ancillary to the divorce, and any restitution can be made at that juncture.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK