Matter of Adinolfi v Callanan (2018 NY Slip Op 08124)





Matter of Adinolfi v Callanan


2018 NY Slip Op 08124


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-00128
 (Docket No. F-2883-93/17D)

[*1]In the Matter of Arthur Adinolfi, appellant,
v
Colleen Callanan, respondent.


Arthur Adinolfi, Napanoch, NY, appellant pro se.



DECISION & ORDER
Appeal by the father from an order of the Family Court, Suffolk County (Matthew G. Hughes, J.), dated October 24, 2017. The order denied the father's objections to a prior order of the same court (Darlene Jorif-Mangane, S.M.) dated July 28, 2017, which, without a hearing, dismissed his petition to modify his accrued child support arrears.
ORDERED that the order dated October 24, 2017, is affirmed, without costs or disbursements.
The father and mother have three children together. They were divorced in 1991, and the father was ordered to pay $150 in weekly child support. By an order dated September 20, 2006, the Family Court granted the father's application to terminate his child support obligation retroactive to May 14, 2004, the date on which the parties' youngest living child reached the age of majority. Subsequently, the father filed a petition to modify his accrued child support arrears. By order dated July 28, 2017, the Support Magistrate dismissed the father's petition without a hearing, and by order dated October 24, 2017, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals.
Family Court Act § 451(1) provides that the court "shall not reduce or annul child support arrears accrued prior to the making of an application pursuant to this section." A court " ha[s] no discretion to reduce or cancel arrears of child support which accrue before an application for downward modification of the child support obligation'" (Matter of Gardner v Maddine, 112 AD3d 926, 927, quoting Grossman v Composto-Longhi, 96 AD3d 1000, 1002; see Matter of Dox v Tynon, 90 NY2d 166, 173-174; Matter of Weintrob v Weintrob, 87 AD3d 749, 751; Matter of Fisher v Nathan, 83 AD3d 938, 939). Moreover, "[c]hild support arrears must be awarded in full, regardless of whether the defaulter has good cause for having failed to seek modification prior to their accumulation" (Matter of Dox v Tynon, 90 NY2d at 174 [emphasis omitted]).
We agree with the Family Court's determination denying the father's objections. A reduction or vacatur of arrears that accrued prior to May 14, 2004, was prohibited pursuant to Family Court Act § 451(1), because those arrears accrued before the father made his application to terminate his child support obligation (see Matter of Dox v Tynon, 90 NY2d 166).
The father's remaining contentions are either not properly before this Court or without [*2]merit.
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court