Matter of Onondaga County Dept. of Social Servs. v Marcus N.D. (2019 NY Slip Op 01967)





Matter of Onondaga County Dept. of Social Servs. v Marcus N.D.


2019 NY Slip Op 01967


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND TROUTMAN, JJ.


1131 CAF 17-01276

[*1]IN THE MATTER OF ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, ON BEHALF OF DECEMBER R.M., PETITIONER-RESPONDENT,
v
MARCUS N.D., RESPONDENT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR RESPONDENT-APPELLANT. 
LAL, GINGOLD & FRANKLIN, PLLC, SYRACUSE (SUJATA LAL OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered June 5, 2017 in a proceeding pursuant to Family Court Act article 5. The order, inter alia, denied that part of the motion of respondent seeking a cancellation of child support arrears. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent was adjudicated the father of the subject child by a 1999 order of filiation entered on respondent's default. He moved by order to show cause filed in 2016 to vacate the default order of filiation and cancel his child support arrears, after another man was adjudicated the father of the same child in a Mississippi court, based upon, inter alia, DNA test results. He now appeals from an order that granted his motion in part and vacated the order of filiation, but denied that part of his motion seeking to vacate the arrears. We affirm.
The Family Court Act grants Family Court continuing jurisdiction over any child support proceeding, including the power to modify or vacate orders issued thereunder, but the Act unequivocally provides that the court "shall not reduce or annul child support arrears accrued prior to the making of an application pursuant to this section" (§ 451 [1]). The purpose of that provision is to "preclude[] forgiveness of child support arrears to ensure that respondents are not financially rewarded for failing either to pay the order or to seek its modification . . . Under the present enforcement scheme, then, [n]o excuses at all are tolerated with respect to child support" (Matter of Dox v Tynon, 90 NY2d 166, 173-174 [1997] [internal quotation marks omitted]; see Lvovsky v Lvovsky, 161 AD3d 542, 542 [1st Dept 2018]; Matter of Pratt v Pratt, 154 AD3d 1201, 1203 [3d Dept 2017]; Matter of Cadwell v Cadwell, 124 AD3d 649, 650 [2d Dept 2015]; Rainey v Rainey, 83 AD3d 1477, 1479 [4th Dept 2011]). Therefore, given that statute and the Court of Appeals' pronouncement that, "[u]nder the current scheme for enforcing court-ordered child support obligations, courts may not reduce or cancel any arrears that have accrued" (Dox, 90 NY2d at 168), the court properly determined that it had no authority to vacate the child support arrears that arose prior to the filing of the current motion to vacate.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court