Zombek v Zombek (2022 NY Slip Op 02577)

Zombek v Zombek

2022 NY Slip Op 02577

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-00444
 (Index No. 22109/97)

[*1]Lee Zombek, respondent,
v
Morris Eliezer Zombek, appellant.

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Michael A. Coscia of counsel), for appellant.
A. Cohen Law Firm, P.C., Valley Stream, NY (Avinoam Cohen of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment entered July 27, 1999, the defendant appeals from an order of the Supreme Court, Queens County (William A. Viscovich, J.), dated September 27, 2019. The order, insofar as appealed from, after a hearing, granted the plaintiff's motion, inter alia, to hold the defendant in contempt and for an award of certain child support arrears to the extent of awarding her the sum of $256,000, plus $15,000 for attorneys' fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married on November 18, 1988, and have four children together. The parties entered into a stipulation of settlement dated June 25, 1999 (hereinafter the stipulation), pursuant to which the plaintiff was awarded custody of the children. The stipulation was incorporated but not not merged into the judgment of divorce entered July 27, 1999 (hereinafter the judgment of divorce). In 2016, the plaintiff moved, inter alia, to hold the defendant in contempt and for an award of certain child support arrears, alleging that the defendant violated the terms of the stipulation and the judgment of divorce which required him to pay child support for certain educational, summer camp, extracurricular, and orthodontia expenses of the parties' children, and
seeking reimbursement for the amounts she paid for those expenses. In an order dated September 27, 2019, after a hearing, the Supreme Court, inter alia, granted the plaintiff's motion to the extent of awarding her the sum of $256,000, plus $15,000 for attorneys' fees. The defendant appeals.
Pursuant to both the stipulation and the judgment of divorce with respect to child support, the defendant was responsible for paying for certain expenses of the four children, to wit, inter alia, yeshiva and summer camp tuition and extracurricular activities, and orthodontia expenses not covered by insurance. The terms of the stipulation and the judgment of divorce provided that the defendant could pay the providers directly and negotiate those fees directly with the providers. The plaintiff alleged, among other things, that the defendant failed to make the payments for these expenses and that she made the payments when the defendant failed to do so.
The defendant's contention that the amount awarded did not constitute child support [*2]because child support is limited to basic child support and not so-called "add-ons," is without merit (see Cimons v Cimons, 53 AD3d 125, 134-135). Pursuant to the stipulation and the judgment of divorce, the parties opted out of the Child Support Standards Act (see Domestic Relations Law § 240[1-b] [hereinafter the CSSA]) and agreed that the defendant's "entire child support contribution" would be to continue to make direct payments to the providers to cover the costs for the expenses set forth above for all four children. Moreover, even if the parties had not agreed to opt out of the CSSA, Domestic Relations Law § 240(1-b)(b)(2) defines child support as "a sum to be paid pursuant to court order or decree by either or both parents or pursuant to a valid agreement between the parties for care, maintenance and education of any unemancipated child under the age of twenty-one years," which includes the expenses at issue here.
The plaintiff's motion, inter alia, for an award of child support arrears was not time-barred (see CPLR 211[e]), nor did the plaintiff waive her right to the arrears based upon the lapse of time in seeking enforcement (see Dox v Tynon, 90 NY2d 166, 176). Further, with respect to the amount of unpaid child support the Supreme Court determined was owed by the defendant, the defendant conceded that although he paid the sum of $16,000, representing child support payments for educational and summer camp expenses of the parties' children in 1999, he made none of the required child support payments pursuant to the stipulation and the judgment of divorce for the following 16 years (see e.g. Matter of Muenichsdorfer v Biagiotti, 179 AD3d 805, 808).
The defendant's remaining contentions are without merit.
Accordingly, we affirm the order insofar as appealed from.
DUFFY, J.P., MALTESE, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court